In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00127-CR


______________________________




RICHARD KING, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


 Lamar County, Texas


Trial Court No. 16606 HC-7 




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Richard King has filed an attempted interlocutory appeal from an order by an appointed judge
denying his motion to recuse the sitting judge in the prosecution against him.

 The procedures for recusal of judges set out in the Texas Rules of Civil Procedure apply in
criminal cases. De Leon v. Aguilar, 127 S.W.3d 1 (Tex. Crim. App. 2004); Arnold v. State, 853
S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding Rule 18a applicable to criminal cases). (1)

 As a general rule, an appellate court may consider appeals by criminal defendants only after
conviction. See Ex parte Shumake, 953 S.W.2d 842, 844 (Tex. App.--Austin 1997, no pet.). 
Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express
authority. See Tex. R. App. P. 25.2(b)(2); Ex parte Apolinar, 820 S.W.2d 792, 794 (Tex. Crim. App.
1991); McKown v. State, 915 S.W.2d 160, 161 (Tex. App.--Fort Worth 1996, no pet.).

 In this case, we have no authority to consider such an interlocutory appeal, and Rule 18a(f)
of the Texas Rules of Civil Procedure states that a denial of the motion may be reviewed by appeal
from the final judgment. See Tex. R. Civ. P. 18a(f). We do not have jurisdiction to review the
propriety  of  a  denial  of  a  motion  to  recuse  via  interlocutory  appeal.  See  Tex.  R.  Civ.  P.
18a(f); Rio Grande Valley Gas Co. v. City of Pharr, 962 S.W.2d 631, 638 (Tex. App.--Corpus
Christi 1997, writ dism'd w.o.j.).



 We dismiss the appeal for want of jurisdiction.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 30, 2008

Date Decided: July 1, 2008


Do Not Publish
1. The refusal of a defendant's motion to disqualify is reviewable only for abuse of discretion. 
Tex. R. Civ. P. 18a(f); Wesbrook v. State, 29 S.W.3d 103, 120 (Tex. Crim. App. 2000).



ause that would commonly produce a degree of anger, rage,
resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool
reflection." Tex. Penal Code Ann. § 19.02(a)(1) (Vernon 2003).

 Under current law, sudden passion is a mitigating circumstance at punishment that can reduce
the level of the offense. Tex. Penal Code Ann. § 19.02(c), (d) (Vernon 2003). Before a defendant
is entitled to a jury instruction on sudden passion, he or she must prove that there was an adequate
provocation; that a passion or an emotion such as fear, terror, anger, rage, or resentment existed; that
the homicide occurred while the passion still existed and before there was reasonable opportunity
for the passion to cool; and that there was a causal connection between the provocation, the passion,
and the homicide. McKinney v. State, 179 S.W.3d 565, 569 (Tex. Crim. App. 2005); Trevino v.
State, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003).

 A jury should receive a sudden passion charge if it is raised by the evidence, even if that
evidence is weak, impeached, contradicted, or unbelievable. Trevino, 100 S.W.3d at 238. However,
the evidence cannot be so weak, contested, or incredible that it could not support such a finding by
a rational jury. Id.

 Johnson directs us to a DVD recording of an interview of her shortly after the stabbing as
evidence showing her state of mind. She argues this shows Arnold provoked an emotional reaction
in Johnson when he did not leave despite being told to do so, when he verbally abused her, and when
he pursued her for sexual favors.

 Although Arnold's behavior apparently did cause an emotional response in Johnson, the
position she consistently took in the recorded videotaped interview, in her own live testimony, and
in her written statement was that the stabbing was accidental, not the result of an emotionally
provoked intentional act. While that does not end the inquiry, the lack of evidence of sudden passion
does end it.

 Although an accident defense during the guilt phase of the trial does not preclude a
sudden-passion instruction at punishment, there must be some evidence to indicate
that the appellant acted under the influence of sudden passion, even if that evidence
is contrary to other evidence in the case.

McKinney, 179 S.W.3d at 571. The trial court ruled in McKinney that, when the provocation
included only yelling at and pushing the defendant, those actions did not "rise to the level of
adequate cause" and there was no evidence the verbal abuse and physical pushing "produced a degree
of anger, rage, resentment, or terror . . . sufficient to render [defendant's] mind incapable of cool
reflection." Id. at 570.

 Here, there is no evidence--not in Johnson's live testimony, her recorded interview, or her
written statement--that Arnold's provocative behavior provided adequate cause for the stabbing or
that the provocation produced in Johnson sufficient emotions to have rendered her mind incapable
of cool reflection. Under these facts, we cannot conclude the trial court erred by failing to give the
jury an instruction on the issue of sudden passion at punishment.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 7, 2006

Date Decided: January 8, 2007


Do Not Publish