TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00014-CR







Ex Parte Rueben Shumake, Appellant







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0965591, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






 This is a purported appeal from a post-indictment pretrial order of the trial court raising the
bail in a murder case. Appellant contends that the order was entered pursuant to article 17.09 section 3
of the Code of Criminal Procedure (1) and that he is entitled to appeal under Rule 44(a) of the Rules of
Appellate Procedure. We will dismiss the appeal for want of jurisdiction.


Background


 Appellant was charged before a magistrate with the offense of manslaughter and made the
$20,000 appearance bond set. Subsequently, the Travis County grand jury returned an indictment
elevating the offense to murder. The State filed a motion in the district court requesting that the court
increase the amount of bail to $250,000. The motion alleged, inter alia, that appellant had a lengthy
juvenile record beginning at age twelve, had been earlier charged with an assault, failed to appear in court
and had his bond forfeited, had been released on another bond in the assault case the day of the instant
murder, was the suspect in three separate aggravated assaults, and was a flight risk and a danger to the
community. There was no written response or answer to the State's motion.

 In January 1997, the district court conducted two hearings on the motion. Thereafter, the
court set the amount of bail at $100,000, granting in part the State's motion. Appellant gave notice of
appeal expressly stating that "no writ of habeas corpus" was necessary and called attention to Rule 44(a).


Points of Error


 Appellant advances two points of error claiming that the trial court erred in relying on (1)
appellant's juvenile adjudications and (2) the murder indictment (2) to increase the amount of bail. He urges
that the trial court did not look "at the strength of the evidence supporting the charge." Appellant's
complaints are directed at evidentiary rulings and concerns. There are no express appellate claims that the
bail set was excessive, unreasonable, or that he was unable to make bail in the amount set. Again,
appellant notes that this is not an appeal in a habeas corpus proceeding. (3)

A Question of Jurisdiction


 We are confronted at the outset with a question of this Court's jurisdiction. Does appellant,
by virtue of Rule 44(a), have the right to appeal this pretrial interlocutory order under the circumstances
described? (4)


The Right of Appeal


 The United States Constitution does not require a state to provide appellate courts or a
right to appellate review of criminal convictions. See Griffin v. Illinois, 351 U.S. 12, 18 (1956); Kane v.
Durstan, 152 U.S. 684, 687-88 (1896); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992);
Willis v. State, 856 S.W.2d 851, 852 (Tex. App.--Fort Worth 1993, no pet.). A state may limit or even
deny the right to appeal a criminal conviction. There are no due process rights to an appeal. Rosales v.
State, 748 S.W.2d 451, 454 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1241 (1988); Kahmann
v. State, 873 S.W.2d 785, 787 (Tex. App.--Austin 1994, pet. ref'd). It is a fundamental principle of due
process and equal protection, however, that once avenues of appellate review are established, they must
be kept free of unreasoned distinctions that can only impede open and equal access to the courts. Rosales,
748 S.W.2d at 454; 21 Tex. Jur. 3d Criminal Law, § 1606 at 402-03 (1982). There is nothing in the
Texas Constitution which guarantees the right to appeal a criminal conviction; that right is only provided by
the legislature. Phynes, 828 S.W.2d at 2. "The Texas Constitution provides that appellate jurisdiction is
subject to such regulations as may be provided in the Constitution or prescribed by law. Thus, appeals are
within the control of the legislature, and an appeal is a privilege, dependent on statute." 21 Tex. Jur. 3d;
Criminal Law, § 1606 at 403 (1982); see also Watson v. State, 924 S.W.2d 711, 713 (Tex. Crim. App.
1996); Lyon v. State, 872 S.W.2d 732, 734 (Tex. Crim. App.), cert. denied, 512 U.S. 1209 (1994);
Marin v. State, 851 S.W.2d 275, 277 (Tex. Crim. App. 1993);Olowosuko v. State, 826 S.W.2d 940,
941 (Tex. Crim. App. 1992). A statutorily granted right of appeal must be explained in plain and
unambiguous language. The statute may not be liberally interpreted to create that right where it does not
exist. Pitts v. State, 918 S.W.2d 4, 5 (Tex. App.--Houston [14th Dist.] 1995, no pet.). Article 44.02
of the Texas Code of Criminal Procedure states a defendant's general right of appeal while article 44.01
contains the State's limited right of appeal. See Tex. Code Crim. Proc. Ann. arts. 44.01 (West Supp.
1997) and 44.02 (West 1979).

 The jurisdiction of a court of appeals is established by various constitutional and statutory
provisions, but that jurisdiction is not unlimited or absolute. Ex parte Lewis, 663 S.W.2d 153, 154 (Tex.
App.--Amarillo 1983, no pet.). A court of appeals is required to determine its own jurisdiction in each
case. Id. Generally, we have jurisdiction in criminal cases only where there has been a judgment of
conviction. See McKown v. State, 915 S.W.2d 160, 161 (Tex. App.--Fort Worth 1996, no pet.) (citing
Workman v. State, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961)). A court of appeals does not have
jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by statute. 
See Ex parte Apolinar, 820 S.W.2d 782, 794 (Tex. Crim. App. 1991); Emerson v. Borland, 838
S.W.2d 951, 952 (Tex. App.--Austin 1992, no writ).

Right to Appeal Under Rule 44(a)


 In the instant case appellant asserts the interlocutory order raising the amount of bail is
appealable. He acknowledges that the hearing in question was conducted pursuant to article 17.09, section
3 of the Texas Code of Criminal Procedure. Sections 2 and 3 of that statute provide:


Sec. 2  When a defendant has once given bail for his appearance in answer to a criminal
charge, he shall not be required to give another bond in the course of the same criminal
action except as herein provided.


Sec. 3  Provided that whenever during the course of the action, the judge or magistrate in
whose court such action is pending finds that the bond is defective, excessive or insufficient
in amount, or that the sureties, if any, are not acceptable, or for any other good and
sufficient cause, such judge or magistrate may either in term-time or in vacation, order the
accused to be re-arrested, and required the accused to give another bond in such amount
as the judge or magistrate may deem proper. When such bond is so given and approved,
the defendant shall be released from custody.


 Under article 17.09, section 3, the judge in whose court the case is pending at any
particular stage of the criminal action may modify bail for certain designated reasons and for "other good
and sufficient cause." The statute does not address the procedure that is to be used. See Dix, § 16.52 at
718. It does grant a great deal of discretion to the judge or magistrate in raising or lowering bail in a
criminal action which is a practical consideration where there are ever-changing conditions.

 Appellant does not claim that article 17.09 supports his right of appeal of the interlocutory order but
cites and relies upon Rule 44(a) which provides in pertinent part:


(a) The Record. In habeas corpus or bail proceedings when written notice of appeal
from a judgment or an order is filed, the transcript and, if requested by the applicant,
a statement of facts, shall be prepared and certified by the clerk of the trial court and,
within fifteen days after the notice of appeal is filed, sent to appellate court . . ."



Tex. R. App. P. 44(a) (emphasis added). (5)

 A cursory examination of this rule enacted by the Court of Criminal Appeals pursuant to
its rule-making authority shows that it pertains to the appellate record in the established and permissible
avenues of appeal in habeas corpus proceedings and bail proceedings, e.g., proceedings under Article I,
sections 11 and 11a, Texas Constitution and article 44.04 (bail pending appeal). Tex. Code Crim. Proc.
Ann. art. 44.04 (West Supp. 1997). Rule 44(a) appears to be a limited appellate procedural rule as it
addresses only the timetables for the appellate record and submission before the appellate court. It does
not even address the filing deadline for the notice of appeal. See Ex parte Pena, 940 S.W.2d 260, 261
(Tex. App.--San Antonio 1997, no pet.).

 The rule, not an enactment of the Legislature, does not itself purport to establish in plain
and unambiguous language any new and independent right to appeal an interlocutory order in a criminal
case merely because the order pertains to bail.

 Appellant in relying on Rule 44(a) cites Primrose v. State, 725 S.W.2d 255, 256 n.3
(Tex. Crim. App. 1987). Primrose involved a purported appeal to the Court of Criminal Appeals from
a pretrial order denying bail to a defendant in a capital murder. Subsequent to the return of the indictment,
the trial court, following a hearing, granted the State's motion to hold the defendant without bail. The
defendant appealed, claiming that the proof was not evident that the death penalty would be imposed and
that he should not have been denied bail. The Court of Criminal Appeals denied that it had jurisdiction of
the appeal, observing that bail was denied pursuant to Article I, section 11 of the Texas Constitution, which
contained no proviso, as does Article I, section 11a, expressly according the right of appeal to the Court
of Criminal Appeals. The Court held that following an order denying bail under Article I, section 11,
appellate jurisdiction was properly in the courts of appeals within the general jurisdictional provisions of
Article V, sections 5 and 6 of the State Constitution. Primrose, 725 S.W.2d 256. The majority opinion
then added "See also Tex. R. App. P. Rule 44[3]." Id. In footnote 3, the majority, although it denied it had
jurisdiction of the appeal, seemingly rejected the State's argument that the defendant had failed to pursue
the recognized and proper method of review--habeas corpus. The majority wrote: "However, Rule 44(a),
supra, clearly contemplates direct appeals 'in habeas and bail proceedings. . .'" (6)

 Whether footnote 3 of Primrose is limited in its application to a pretrial order denying bail
after indictment in a capital murder case as were the facts in Primrose, or can be more broadly interpreted
so as to apply to all direct appeals in any bail proceedings, another problem arises.


No consideration was given [by the Primrose majority] to the possibility that construing
Rule 44(a) as giving rise to a right to appeal an order not appealable under pre-rules law
might violate the prohibition upon the rules abridging, enlarging or modifying the substantive
rights of a litigant. Tex. Gov't Code Ann. § 22.108(a). See Lyon v. State, 872 S.W.2d
732, 735-36 (Tex. Crim. App. 1994) (Vernon's Ann. P. Rule 40(b)(1) must be construed
so as not to modify a defendant's right of appeal as that existed under pre-rules statute).



Dix, § 16.103 n.4 at 738. It seems clear that under its ruling-making authority, the Court of Criminal
Appeals can not enlarge the right of appeal as it indicated in Primrose. See Tex. Gov't Code Ann. 
§ 22.108(a). We hold that the dictum in Primrose is not controlling and decline to read its footnote 3
broadly to provide for a direct appeal in all bail proceedings.

 Appellant also relies upon Clark v. Barr, 827 S.W.2d 556 (Tex. App.--Houston [1st
Dist.] 1992, no pet.) to support his right to appeal. Clark involved a mandamus action seeking to have
the district court to set an affordable bond or to permit the relator to appeal an order denying relator's
motion to reduce his bond. The court was led down the Primrose path. It wrote:


Here, the relator has the right to an appeal from the trial court's order denying his motion
to reduce bond. See Primrose v. State, 725 S.W.2d 254, 256 n.3 (Tex. Crim. App.
1987) (rule 44(a) allows direct appeals in bail proceedings); Tex. R. App. P. 44(a); see
also Ex parte Reese, 666 S.W.2d 675, 677 n.2 (Tex. App.--Fort Worth 1984, pet.
ref'd).



 From our discussion, it is clear that Clark's reliance on Primrose and Rule 44(a) was
misplaced. Nothing in Reese even mentions Rule 44(a). (7) We decline to follow the Clark decision.

 McKown, 915 S.W.2d at 161, recognized the general rule that courts of appeal do not
have jurisdiction to review interlocutory orders in criminal prosecutions unless expressly granted by law. 
Although not cited by appellant, McKown listed three "narrow" exceptions to the general rule including "(2)
defendants can appeal the denial of a motion to reduce bond. [Tex. R. Appl. P. 44(a)]." No authority,
not even Primrose, was cited, no reasoning was advanced, and the indication was that the right of appeal
was limited to a denial of a defendant's motion to reduce bail. We conclude these cases are not
controlling. (8)

Conclusion


 We conclude that this Court is without jurisdiction to entertain the appeal from the
instant interlocutory order under Rule 44(a) and dismiss.



 John F. Onion, Jr., Justice

Before Chief Justice Carroll, Justices Jones and Onion*

Dismissed for Want of Jurisdiction

Filed: September 25, 1997

Publish


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Tex. Code Crim. Proc. Ann. art. 17.09, § 3 (West 1977).
2. In two counts, the indictment charged appellant with the murder of Megan Fitzgerald by shooting
her with a deadly weapon, to wit: a firearm. See Tex. Penal Code Ann. § 9.02(b)(1) & (2) (West 1994).
3. "A felony defendant's challenge to bail is ordinarily by means of application for writ of habeas
corpus pursuant to Chapter 11 of the Code of Criminal Procedure." 40 George E. Dix and Robert O.
Dawson, Criminal Practice and Procedure § 16.54 at 720 (Texas Practice 1995). See also Tex. Code
Crim. Proc. Ann. art. 11.24 (West 1977); see generally Green v. State, 872 S.W.2d 717, 722 (Tex.
Crim. App. 1994) (the traditional method of attacking excessive bail is by application for writ of habeas
corpus; Ex parte Bice, 105 Tex. Crim. 484, 289 S.W. 43 (1926). "This is preferable to a motion in part
because denial of habeas corpus relief may be appealable before the trial on the merits. Thus, the habeas
corpus proceeding provides defendants with what is functionally an interlocutory appeal on the question
of bail." Dix, § 16.54 at 720.
4. We are not here concerned with the denial of bail in either a capital or noncapital felony case. 
See Tex. Const. Art. I, §§ 11 and 11a; see also Ex parte Johnson, 876 S.W.2d 340 (Tex. Crim. App.
1994).
5.   Effective September 1, 1997, after this appeal was taken, Rule 44 was repealed and replaced
by Tex. R. App. P. 31.
6. The concurring opinion in Primrose (Onion, P.J.) declined to join footnote 3 and pointed out that
if the Court had no jurisdiction of the purported appeal, the majority should not express the "first time
opinion" it did in footnote 3. See Primrose, 725 S.W.2d at 256; see also Dix, § 16.103 at 738. It is also
observed that the head notes to the published opinion of Primrose are far more expansive than the majority
opinion itself. Primrose, 725 S.W.2d at 255.
7. Footnote 2 of Reese has reference to the three methods of appealing a determination of bail
during the course of a pending appeal of a criminal conviction. See Ex parte Spaulding, 612 S.W.2d 509,
510-11 (Tex. Crim. App. 1981). It does not deal with the direct appeal of a pretrial interlocutory order
setting bail.
8. The McKown court was confused in listing denial of pretrial habeas corpus relief in certain cases
as "exceptions" to the general rule discussed above.


Habeas corpus proceedings are separate and distinct proceedings independent of the
cause instituted by the presentation of an indictment or other forms of the State's
pleadings. Such habeas corpus proceedings should be docketed separately from the
substantive cause and given a different cause number. An appeal from an order
denying relief is not an interlocutory appeal from the substantive cause arising out of
an indictment, felony information, or complaint and information. Failure to docket
habeas corpus proceedings separately is a common mistake of the bench and bar and
the court clerks of this State.


Ex parte Carter, 849 S.W.2d 410, 411 n.2 (Tex. App.--San Antonio 1993, pet. ref'd).


 In Ex parte Anderson, 902 S.W.2d 695 n.1 (Tex. App.--Austin 1995, pet. ref'd), the Court
stated: 


This cause has been restyled "Ex parte Shawn Paul Anderson" in accordance with the
nature of the proceedings and appeals. Habeas corpus proceedings are separate and
distinct proceedings from the criminal case or cases out of which the habeas
proceedings arise. See Tex. Code Crim. Proc. Ann. art. 11.01, et seq. (West 1977). 
These habeas proceedings should be given different cause numbers than the criminal
cases by the clerk of the court in which the habeas proceedings are filed regardless of
the style or cause numbers placed on the habeas corpus petitions by counsel. The
bench and the bar should be alert to this common mistake.


 "An order denying relief on the merits is a final judgment in the habeas corpus proceedings and is
immediately appealable by the unsuccessful petitioner with regard to those matters properly raised by the
pretrial habeas corpus petition and addressed by the trial court." 43 George E. Dix and Robert O.
Dawson, Criminal Practice and Procedure, § 47.40 at 585 (Texas Practice 1995) (emphasis added).



't Code Ann. § 74.003(b) (West 1988).
1. Tex. Code Crim. Proc. Ann. art. 17.09, § 3 (West 1977).
2. In two counts, the indictment charged appellant with the murder of Megan Fitzgerald by shooting
her with a deadly weapon, to wit: a firearm. See Tex. Penal Code Ann. § 9.02(b)(1) & (2) (West 1994).
3. "A felony defendant's challenge to bail is ordinarily by means of application for writ of habeas
corpus pursuant to Chapter 11 of the Code of Criminal Procedure." 40 George E. Dix and Robert O.
Dawson, Criminal Practice and Procedure § 16.54 at 720 (Texas Practice 1995). See also Tex. Code
Crim. Proc. Ann. art. 11.24 (West 1977); see generally Green v. State, 872 S.W.2d 717, 722 (Tex.
Crim. App. 1994) (the traditional method of attacking excessive bail is by application for writ of habeas
corpus; Ex parte Bice, 105 Tex. Crim. 484, 289 S.W. 43 (1926). "This is preferable to a motion in part
because denial of habeas corpus relief may be appealable before the trial on the merits. Thus, the habeas
corpus proceeding provides defendants with what is functionally an interlocutory appeal on the question
of bail." Dix, § 16.54 at 720.
4. We are not here concerned with the denial of bail in either a capital or noncapital felony case. 
See Tex. Const. Art. I, §§ 11 and 11a; see also Ex parte Johnson, 876 S.W.2d 340 (Tex. Crim. App.
1994).
5.   Effective September 1, 1997, after this appeal was taken, Rule 44 was repealed and replaced
by Tex. R. App. P. 31.
6. The concurring opinion in Primrose (Onion, P.J.) declined to join footnote 3 and pointed out that
if the Court had no jurisdiction of the purported appeal, the majority should not express the "first time
opinion" it did in footnote 3. See Primrose, 725 S.W.2d at 256; see also Dix, § 16.103 at 738. It is also
observed that the head notes to the published opinion of Primrose are far more expansive than the majority
opinion itself. Primrose, 725 S.W.2d at 255.
7. Footnote 2 of Reese has reference to the three methods of appealing a determination of bail
during the course of a pending appeal of a criminal conviction. See Ex parte Spaulding, 612 S.W.2d 509,
510-11 (Tex. Crim. App. 1981). It does not deal with the direct appeal of a pretrial interlocutory order
setting bail.
8. The McKown court was confused in listing denial of pretrial habeas corpus relief in certain cases
as "exceptions" to the general rule discussed above.