In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00006-CR
______________________________


SAMUEL HEATH COCHRAN, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. CR01-128


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Samuel Heath Cochran has appealed from an order of the Fourth Judicial District Court
denying his motion for return of property. The property he seeks to recover consists of polaroid
pictures of brickwork and construction introduced as evidence in his criminal trial for attempted
manufacture of a controlled substance. Cochran was convicted December 6, 2001, over two years
ago. 
Â Â Â Â Â Â Â Â Â Â Â Â This Court has jurisdiction to hear appeals brought from judgments of conviction and from
other orders as allowed by law. See Tex. R. App. P. 25.2(a)(2). As a general rule, an appellate court
may consider appeals by criminal defendants only after conviction. See Ex parte Shumake, 953
S.W.2d 842, 844 (Tex. App.âAustin 1997, no pet.). Intermediate appellate courts have no
jurisdiction to review interlocutory orders absent express authority. See Ex parte Apolinar v. State,
820 S.W.2d 792, 794 (Tex. Crim. App. 1991); McKown v. State, 915 S.W.2d 160, 161 (Tex.
App.âFort Worth 1996, no pet.). 
Â Â Â Â Â Â Â Â Â Â Â Â This appeal does not fall within one of the exceptions to the rule. We conclude this Court
is without jurisdiction to entertain this appeal.
Â 
Â 
Â 
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal for want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â February 23, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â February 24, 2004

Do Not Publish









of the
anus, breast, or any part of the genitals of a child . . . .


Tex. Penal Code Ann. § 21.11(c)(1) (Vernon 2003).


 In this case, the jury acquitted Rex of two of the alleged sexual acts, and found him guilty
of touching T.R.'s genitals. The evidence is not particularly strong, but there is evidence that it
occurred, and that when T.R. pulled away, Rex pursued to continue fondling him, and there is
evidence that might indicate an emission of semen by Rex. 

 There is also evidence that, if believed by the jury, could have easily supported a different
result. We are not, however, permitted to second-guess a jury's determination that evidence is
sufficient when the credibility of the witness is at bar, as in this instance. We find the evidence
legally and factually sufficient to support the verdict.

 We affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: November 4, 2008

Date Decided: November 5, 2008


Do Not Publish