# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00085-CR

**Esnaf Ajonovic, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
## NO. 3040782, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Esnaf Ajonovic pleaded guilty to assault with family violence. *See* Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2005). The court found that the evidence substantiated his guilt, deferred further proceedings, and placed appellant on community supervision as called for in a plea bargain agreement. Appellant contends that he was not properly admonished regarding the consequences of his plea, and that the plea was not freely and voluntarily given. The State, in addition to filing a brief responding to the merits of these contentions, has filed a motion to abate or dismiss the appeal. We grant the motion to dismiss.

A defendant who pleads guilty pursuant to a plea bargain may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). In this cause, the trial court certified that this appeal "is a plea-bargain case, but is on matters that were raised by written motion filed and ruled

on before trial and the defendant has the right of appeal." *See id*. rule 25.2(d). The State urges that the certification is defective because appellant does not seek to appeal matters raised by motions filed and overruled before trial. The State contends that the appeal should either be abated for the filing of a corrected certification or dismissed.

Although appellant filed pretrial motions, including a motion to suppress evidence, an examination of the completed appellate record reflects that none of these motions was ruled on before trial.[1] Thus, the trial court's certification is defective. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (inaccurate certification is defective). There is, however, no reason at this stage of the appeal to abate for the filing of a corrected certification, because appellant's points of error plainly raise issues outside the scope of the limited right of appeal permitted by rule 25.2 after a bargained guilty plea.[2]

There is no federal or state constitutional right to appeal a criminal conviction. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). In this case, the right to appeal is regulated by rule 25.2(a)(2), which incorporates the limitation on appeals following bargained guilty pleas first enacted by the legislature. *See Cooper v. State*, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001). Under the terms of rule 25.2, the voluntariness of a bargained guilty plea may not be raised on appeal without the trial court's permission. *Id*. at 81. In his response to the State's motion, appellant does not contend that he has

---

[1] Appellant filed a motion to withdraw his guilty plea, but this motion was filed and ruled on after trial, not before it.

[2] Even if the trial court had heard and overruled appellant's pretrial motion to suppress, appellant would not be authorized to appeal other matters without the trial court's permission.

the trial court's permission to appeal.  If appellant has a meritorious claim, he may assert it in a post-conviction habeas corpus proceeding.  *Id*. at 82.

The State's motion to dismiss is granted.  The appeal is dismissed.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed:   December 21, 2005

Do Not Publish