Form: Dismiss TRAP 42.3



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



HOWARD LINER,


 Appellant,

v.


THE STATE OF TEXAS,


 Appellee.

§



§


§


§


§

No. 08-07-00080-CR


Appeal from the


112th Judicial District


of Crockett County, Texas


(TC# 02-04-02171-CR)



MEMORANDUM OPINION



 Appellant attempts to file an interlocutory appeal in this Court. In his appeal, he asks the
Court to define what is an "official proceeding" pursuant to the Texas Penal Code, The Texas
Code of Criminal Procedure, Black's Law Dictionary, and other state statutes. Pending before
this Court, on its own initiative, is the dismissal of this appeal for want of jurisdiction.

 The Rules of Appellate Procedure provide that a criminal defendant has a right to appeal
a judgment of guilty or other appealable order. See Tex.R.App.P. 25.2(a)(2). Appellant's
purported interlocutory appeal does not implicate any final judgment or interlocutory order of any
kind, but rather asks this Court for a definition.

 On March 26, 2007, the Clerk of this Court notified Appellant that this Court does not
have jurisdiction over this appeal. Appellant was advised that this appeal would be dismissed
unless any party could show cause for continuing the appeal within ten days from the date of
receipt of this Court's letter. Appellant failed to respond to this Court's notice.

 As a general rule, an appellate court may consider appeals by criminal defendants only
after conviction. See Ex parte Shumake, 953 S.W.2d 842, 844 (Tex.App.--Austin 1997, no pet.).
Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express
authority. See Apolinar v. State, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991). Because
Appellant appeals neither a judgment of conviction nor an interlocutory order, this Court has no
jurisdiction over this matter.

 Accordingly, because there is no appealable order and/or judgment, we dismiss the appeal
for want of jurisdiction.



May 17, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)