# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00813-CR

**Wesley Perkins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. C-1-CR-13-200882, HONORABLE JOHN LIPSCOMBE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wesley Perkins filed a notice of appeal from the trial court's pretrial order increasing his bond and the "effective denial of his special appearance" in the underlying prosecution for the offense of driving while license invalid. *See* Tex. Transp. Code § 521.457.

We do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). And this Court has ruled that we lack jurisdiction over a direct appeal from an interlocutory pretrial order on a motion to increase a bond. *Ex parte Shumake*, 953 S.W.2d 842, 846-47 (Tex. App.—Austin 1997, no pet.).

As such, we notified the parties that it appeared we lacked jurisdiction over this appeal and requested a response to this jurisdictional issue. Perkins's response that this is an interlocutory appeal of a civil matter is unpersuasive and does not demonstrate our jurisdiction

because the record reflects a criminal prosecution. *See* Tex. Civ. Prac. & Rem. Code § 51.014(f) (authorizing trial courts to issue written orders granting permission to appeal otherwise unappealable interlocutory orders in certain civil cases). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed:  January 15, 2014

Do Not Publish

2