

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-15-00115-CR

_____


DUSTIN LYNN VANHALST, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR15-038


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

On February 2, 2015, Dustin Lynn Vanhalst was indicted for the offense of murder. About a month and a half later, Vanhalst filed a "Motion to Set PR Bond." Now, Vanhalst has filed a notice of appeal in an attempt to appeal the trial court's denial of his motion. The clerk's record does not, however, include any such order.

Generally speaking, the Texas Legislature has authorized appeals by criminal defendants only from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but, without any appealable judgment or order in the record, this Court does not have jurisdiction to hear Vanhalst's attempted appeal.

Also, even if the clerk's record included an order denying Vanhalst's motion for a personal recognizance bond, this Court would not have jurisdiction over this appeal. This Court does not have jurisdiction to consider an interlocutory appeal of a pretrial motion for a personal recognizance bond. *See Ragston v. State*, 424 S.W.3d 49, 50 (Tex. Crim. App. 2014). Rule 31 of the Texas Rules of Appellate Procedure, captioned "Appeals in Habeas Corpus, Bail, and Extradition Proceedings in Criminal Cases," has been used by appellate courts in the past to find jurisdiction over interlocutory orders for the denial of a motion to reduce bail. *See* TEX. R. APP. P. 31. However, the Texas Court of Criminal Appeals has determined that "[a] rule of appellate procedure cannot, by itself, grant the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail, because this Court's rules cannot enlarge the rights

of litigants beyond those provided in the constitutions or a statute." *Ragston*, 424 S.W.3d at 52. Because there is no constitutional or statutory authority granting appellate courts jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail, this Court would not have jurisdiction over Vanhalst's attempted appeal in any event.

By letter dated July 21, 2015, we notified Vanhalst of the potential defects in our jurisdiction over his appeal and afforded him twenty days to show this Court how we had jurisdiction. We received no response from Vanhalst.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:  August 25, 2015
Date Decided:   August 26, 2015

Do Not Publish