# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00566-CR

**David Eugene Weir, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 73136, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David Eugene Weir, who has not yet been finally sentenced and is appearing pro se, has filed a notice of appeal from the trial court's denial of his court-appointed attorney's motion to withdraw. We do not have jurisdiction over such an interlocutory appeal. In criminal cases, an appeal is authorized only when a trial court "enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."). Appellate courts do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696-07 (Tex. Crim. App. 2008); *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). In this case, no rule or statutory or constitutional

provision authorizes an interlocutory appeal from a court's order on an attorney's motion to withdraw. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

 

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed: September 28, 2015

Do Not Publish