# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-15-00567-CR

**David Eugene Weir, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 73,823, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment dated September 28, 2015, and substitute the following opinion and judgment in their place.

Appellant David Eugene Weir, who has not yet been finally sentenced and is appearing pro se, has filed a notice of appeal from the trial court's denial of his court-appointed attorney's motion to withdraw. We do not have jurisdiction over such an interlocutory appeal. In criminal cases, an appeal is authorized only when a trial court "enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."). Appellate courts do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696-07 (Tex. Crim. App.

2008); *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). In this case, no rule or statutory or constitutional provision authorizes an interlocutory appeal from a court's order on an attorney's motion to withdraw. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction on Rehearing

Filed: October 7, 2015

Do Not Publish

2