

# NUMBER 13-15-00476-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

WALKER DONRELL
WILKERSON,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

---

### On appeal from the 377th District Court
### of Victoria County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Walker Donrell Wilkerson, attempts to appeal the trial court's order denying motion to decrease bail signed on September 23, 2015. On October 2, 2015, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order, and requested correction of this defect

within ten days or the appeal would be dismissed. Counsel responded stating that Texas Rule of Appellate Procedure 31.1 provides for appeals in bail cases and the order is appealable.

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

The Texas Court of Criminal Appeals has held that appellate courts lack jurisdiction to review an interlocutory appeal from an order denying a motion for pretrial bail reduction. *See Ragston v. State,* 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Texas Rule of Appellate Procedure 31 provides procedures for appeals in habeas corpus and bail proceedings and has been used by appellate courts in the past to find jurisdiction over interlocutory orders for the denial of a motion to reduce bail. *See* TEX. R. APP. P. 31. In *Ragston,* the Texas Court of Criminal Appeals made it clear that Texas Rule of Appellate Procedure 31 does not grant a right of interlocutory appeal because "[a] rule of appellate procedure cannot, by itself, grant the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail, because the Court's rules cannot enlarge the rights of litigants beyond those provided in the constitutions or a statute." *Ragston*, 424 S.W.3d at 52.

The Court is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of November, 2015.