

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00169-CR

_____

CHARLES RANDALL KAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 62nd District Court
Franklin County, Texas
Trial Court No. F8162

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Charles Randall Kay was convicted of theft on March 4, 2008. Kay timely filed a notice of appeal from that judgment, and this Court's opinion affirming Kay's theft conviction in trial court cause number F8162 issued on May 6, 2009.

On February 10, 2014, Kay filed a "Motion for Appointment of Counsel to Raise Applicant's Ineffective Assistance of Counsel Claims" in the trial court under cause number F8162. On August 28, 2015, the trial court denied Kay's motion for appointment of counsel. Kay attempts to appeal from the denial of his motion for appointment of counsel. Even if the trial court had jurisdiction to rule on Kay's motion,[1] it nevertheless appears that the order denying the motion for appointment of counsel to pursue a post-conviction ineffective assistance of counsel claim is not an appealable order.

As a general rule, the Texas Legislature has only authorized appeals by criminal defendants from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but in the absence of an appealable judgment or order, we are without jurisdiction to hear an appeal. Kay had the right to appeal from the written judgment of conviction in trial court cause number F8162, and he exercised that right. The trial court's order

---

[1]In the absence of the filing of a post-judgment motion, the trial court's plenary power expires thirty days after the sentence or appealable order. *See* TEX. R. APP. 21.4; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005).

denying Kay's request for appointment of counsel to raise a post-conviction ineffective assistance of counsel claim is not an order from which the Texas Legislature has authorized an appeal.

By letter dated November 20, 2015, we notified Kay of this potential defect in our jurisdiction and afforded him the opportunity to respond. We have received no response.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:    December 8, 2015
Date Decided:     December 9, 2015

Do Not Publish

3