

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00181-CR

_____

DENNIS SCOTT BRALEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 13-F-011-005

Before Morriss, C.J., Moseley and Carter,* JJ.
Memorandum Opinion by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Dennis Scott Braley was convicted on June 27, 2013, of driving while intoxicated (DWI), third or more, under trial court cause number 13F0011-005. Braley timely filed a notice of appeal from that judgment, and this Court's opinion affirming Braley's DWI conviction issued on May 15, 2014. This Court's mandate in that appeal issued on October 24, 2014.

On August 10, 2015, Braley filed a motion titled "Applicant's First Motion for Appointment of Counsel for Habeas Corpus Pursuant to Texas Fair Defense Act Code of Criminal Procedure, Art. § 1.051" in the trial court under cause number 13F0011-005. On September 11, 2015, the trial court signed an order overruling Braley's motion. Braley attempts to appeal from the denial of his motion for the appointment of counsel. Even if the trial court had jurisdiction to rule on Braley's motion,[1] it nevertheless appears that an order denying a motion for the appointment of counsel to pursue a post-conviction application for the writ of habeas corpus is not an appealable order.

As a general rule, the Texas Legislature has only authorized appeals by criminal defendants from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but in the absence of an appealable judgment or order, we are

---

[1] In the absence of the filing of a post-judgment motion, the trial court's plenary power expires thirty days after the sentence or appealable order. *See* TEX. R. APP. 21.4; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005).

without jurisdiction to hear an appeal. Braley had the right to appeal from the written judgment of conviction in trial court cause number 13F0011-005, and he exercised that right. The trial court's order denying Braley's request for the appointment of counsel to file a post-conviction application for the writ of habeas corpus is not an order from which the Texas Legislature has authorized an appeal.

By letter dated November 5, 2015, we notified Braley of this potential defect in our jurisdiction and afforded him the opportunity to respond. We received no response.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Jack Carter
Justice

Date Submitted:     December 9, 2015
Date Decided:       December 10, 2015

Do Not Publish