

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00027-CR

_____

DONALD GENE SHELBY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-12-24433

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

In accord with the terms of a plea agreement, Donald Gene Shelby pled guilty to and was convicted of driving while intoxicated (DWI), third or more, in the 336th Judicial District Court of Fannin County under trial court cause number CR-12-24433. On February 7, 2013, the trial court imposed a fifteen-year sentence for that crime, which was precisely the sentencing recommendation agreed to by Shelby and the State. Shelby had no right of direct appeal from that judgment and did not attempt such an appeal.

On August 10, 2015, Shelby filed a pleading titled "Motion Nunc Pro Tunc" in the 336th District Court under cause number CR-12-24433. The trial court denied Shelby's motion on October 16, 2015, and Shelby attempted to appeal from that order under our cause number 06-15-00189-CR. Our opinion dismissing that appeal for want of jurisdiction issued January 29, 2016.

Then, on February 10, 2016, Shelby filed a "Motion to Arrest Judgment," also under trial court cause number CR-12-24433. Both of Shelby's post-conviction motions contend that his sentence stemming from the DWI, third or more, conviction was illegal, and both motions sought a reduction of the fifteen-year sentence assessed by the trial court on February 7, 2013.

As a general rule, the Texas Legislature has only authorized appeals by criminal defendants from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but in the absence of an appealable judgment or order, we are

without jurisdiction to hear an appeal. The trial court's order denying Shelby's "Motion to Arrest Judgment" is not an order from which the Texas Legislature has authorized an appeal.

By letter dated April 6, 2016, we notified Shelby of this potential defect in our jurisdiction and afforded him the opportunity to respond. Shelby filed a response in which he cites to Rule 22.5 of the Texas Rules of Appellate Procedure to support his argument that we have jurisdiction over his appeal. Rule 22.5, concerning motions in arrest of judgment, states, "For purposes of the defendant's giving notice of appeal, an order denying a motion in arrest of judgment will be considered an order denying a motion for new trial." TEX. R. APP. P. 22.5. After Shelby cites to Rule 22.5, he concludes that his notice of appeal was timely filed because it was filed within thirty days of the date the trial court overruled his motion in arrest of judgment.

Shelby's argument misses the mark in several respects. First, and most obviously, Shelby failed to consider Rule 22.3 of the Texas Rules of Appellate Procedure, which states, "A defendant may file a motion in arrest of judgment before, but not later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 22.3. The sentence about which Shelby complains was imposed by the trial court in open court on February 7, 2013. Consequently, his February 10, 2016, motion in arrest of judgment was untimely.

More importantly, however, Shelby's arguments concerning the timeliness of his motion, even if correct, simply do not address the jurisdictional issue at hand, i.e., that the Texas Legislature has not granted criminal defendants a right of direct appeal from an order overruling a motion in arrest of judgment.

As the trial court's order denying Shelby's motion in arrest of judgment is not an appealable order, we lack jurisdiction to hear this appeal.  Consequently, we dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     May 3, 2016
Date Decided:       May 4, 2016

Do Not Publish