

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00050-CR

_____

DAVID REECE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 10F0086-202

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

On August 2, 2010, David Reece pled guilty to and was convicted of the offense of injury to a child in the 202nd Judicial District Court of Bowie County under trial court cause number 10F0086-202. On that same date, the trial court imposed a twenty-year sentence for that crime. Reece did not file a direct appeal from that judgment of conviction.

On February 24, 2016, Reece filed a document titled "Motion for Removal of Court Cost" in the 202nd Judicial District Court under cause number 10F0086-202. Reece claimed in his motion that the trial court's August 2, 2010, judgment of conviction was unconstitutional because it assessed court costs against him after he had been adjudged indigent. Consequently, Reece sought to have the judgment modified by removing the costs assessment. The trial court entered an order denying Reece's motion on March 10, 2016, and it is from that March 10 order that Reece now appeals.

As a general rule, the Texas Legislature has authorized appeals by criminal defendants only from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but in the absence of an appealable judgment or order, we are without jurisdiction to hear an appeal. The trial court's March 10 order denying Reece's "Motion for Removal of Court Cost" is not an order from which the Texas Legislature has authorized an appeal.

By letter dated May 3, 2016, we notified Reece of this potential defect in our jurisdiction and afforded him the opportunity to respond. Reece filed a response in which he reasserts the

contentions made in his motion filed in the trial court. Namely, Reece again claims that it is unconstitutional to assess court costs against an indigent criminal defendant. Without commenting on the merits of Reece's substantive contentions, we note that the proper vehicle for challenging the assessment of court costs in a judgment of conviction is on direct appeal from that judgment. *See generally Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011). Reece's failure to raise his assessment-related issues on direct appeal from the trial court's 2010 judgment of conviction is tantamount to a waiver of those issues. As a result, this opinion could easily have been written in terms of the timeliness of Reece's complaints. Regardless of whether the opinion is couched in terms of timeliness or in terms of the lack of a specific legislative grant of authority to appeal from the trial court's order, the result is the same: we lack jurisdiction to hear the appeal.

Because the trial court's order denying Reece's "Motion for Removal of Court Cost" is not an appealable order and because Reece failed to timely assert his complaints concerning the assessments of costs against him in the trial court's 2010 judgment of conviction, we lack jurisdiction to hear this appeal.

Consequently, we dismiss the appeal for want of jurisdiction.


                          Bailey C. Moseley
                          Justice

Date Submitted:     May 26, 2016
Date Decided:       May 27, 2016

Do Not Publish