

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00115-CR

WILLIAM WALLACE FREY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. 23030

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In late 2011, we affirmed the revocation of William Wallace Frey's community supervision after concluding that Frey's appeal was frivolous.[1]

Since that time, Frey has filed numerous applications for the writ of habeas corpus in state and federal courts. On April 25, 2016, Frey filed a document titled "Motion to Object to the Court's Order to Deny Applicant's Writ." Then, on June 20, 2016, Frey filed a document titled "Notice of Appeal."

It is impossible to determine from the face of the document titled "Notice of Appeal" precisely what action of the trial court Frey seeks to have reviewed on appeal. To the extent that Frey seeks to again appeal his adjudication for aggravated assault with a deadly weapon, we are without jurisdiction to consider it. *See* TEX. R. APP. P. 19.1 (appellate court cannot vacate or modify judgment after plenary power has expired); *Minnfee v. Proyor*, No. 01-12-00943-CV, 2013 WL 709254, at *1 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (mem. op., not designated for publication) ("Appellant is not entitled to a second appeal from the trial court's judgment dismissing the case.").

Moreover, on the record before us, it does not appear that the trial court has entered an appealable order or judgment since May 20, 2011, when it adjudicated Frey's guilt on the underlying charge. With a very few limited exceptions inapplicable to the facts here, the Texas

---

[1]Frey's underlying charge was aggravated assault with a deadly weapon, for which the 336th Judicial District Court of Fannin County had deferred adjudication and placed Frey on ten years' deferred adjudication community supervision. On the State's motion, the trial court had revoked Frey's community supervision, adjudicated him guilty of aggravated assault with a deadly weapon, and on May 20, 2011, sentenced Frey to twenty years' imprisonment. The appeal of that action of the trial court was what we had determined was frivolous. *Frey v. State*, No. 06-11-00123-CR, 2011 WL 6774175 (Tex. App.—Texarkana Dec. 21, 2011, no pet.) (mem. op., not designated for publication).

Legislature has authorized appeals by criminal defendants only from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex Parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). In the absence of an appealable judgment or order, we are without jurisdiction to hear this appeal.

By letter dated July 1, 2016, we notified Frey of this potential defect in our jurisdiction and afforded him the opportunity to explain how we might have jurisdiction in this matter. Frey filed a response in which he generally outlines what he believes to have been a series of mistakes made during the course of his adjudication hearing and in the ensuing judgment, all of which must have been raised and determined in his 2011 appeal. The response failed, however, to articulate how these perceived mistakes confer jurisdiction on this Court over the instant appeal.

Because we are without jurisdiction over this attempted appeal, we dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice


Date Submitted:     August 4, 2016
Date Decided:       August 5, 2016

Do Not Publish