

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00167-CR

_____

ROBERT BRICE DAUGHERTY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 25928

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Robert Brice Daugherty was convicted of possession, in a drug-free zone, of four or more, but less than 200, grams of methamphetamine with the intent to deliver. Sentence was imposed February 11, 2015, and a direct appeal from that conviction was filed and adjudicated under our cause number 06-15-00038-CR.[1] Our opinion in that direct appeal issued September 3, 2015, and the mandate issued June 16, 2016.

Thereafter, on October 21, 2015, Daugherty filed a motion requesting that the trial court issue, on his behalf, a records subpoena to be served on the Lamar County Sheriff. After filing Daugherty's motion, the Lamar County District Clerk's Office informed him that, because his case was on appeal at the time the motion was filed, the district court was without jurisdiction to rule on the motion. At some point in 2016, Daugherty sent a letter to the Lamar County District Clerk's Office indicating that his direct appeal had been finally concluded in the Texas Court of Criminal Appeals. Daugherty, therefore, asked the clerk to present his October 21, 2015, motion to the trial court. The clerk apparently did what Daugherty asked, and on August 8, 2016, the trial court denied Daugherty's motion requesting the issuance of a records subpoena. On September 9, 2016, Daugherty filed a notice of appeal from that August 8 order.

In the State of Texas, a party may appeal only that which the Texas Legislature has authorized. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). In the absence of legislation authorizing an appeal, appellate courts lack jurisdiction to act. *Id.* Generally speaking,

---

[1]*See Daugherty v. State*, 06-15-00038-CR, 2015 WL 5158444 (Tex. App.—Texarkana Sept. 3, 2015, pet. ref'd) (mem. op., not designated for publication).

in the criminal context, the Texas Legislature has authorized appeals by criminal defendants only from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but the trial court's August 8, 2016, order denying Daugherty's motion seeking a records subpoena does not appear to fall within one of those exceptions. Thus, it appears that the trial court's August 8 order is not an order from which the Texas Legislature has authorized an appeal.

By letter dated September 29, 2016, we notified Daugherty of this potential defect in our jurisdiction and afforded him the opportunity to respond. We received no response.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 3, 2016
Date Decided:       November 4, 2016

Do Not Publish