

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00102-CR

WILLIAM ROBERT PARKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 13,122

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

William Robert Parker was convicted of murder and sentenced to life imprisonment in February 1981. On April 26, 2018, Parker filed an "Out of Time Motion For New Trial" in the trial court. On May 9, 2018, the trial court denied that motion, and on May 29, 2018, Parker filed a notice of appeal from the trial court's denial of his motion.

In the State of Texas, a party may appeal only when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the Legislature passes such authorizing legislation, in addition to granting its citizens the right of appeal, it also grants the appellate courts of this State jurisdiction to hear those appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

Generally speaking, in the criminal context, the Texas Legislature has authorized appeals by criminal defendants only from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but the trial court's May 9 order denying Parker's motion for an out of time appeal does not fall within one of those exceptions. Thus, the trial court's May 9 order is not an order from which the Texas Legislature has authorized an appeal.

By letter dated June 13, 2018, we informed Parker of the potential jurisdictional issue stemming from the lack of an appealable order and provided Parker an opportunity to demonstrate how we have jurisdiction notwithstanding the noted defect. Although Parker filed a response to our jurisdictional

defect letter, that response failed to demonstrate how this Court has jurisdiction over Parker's attempted appeal.

Because the trial court's May 9, 2018, denial of Parker's "Out of Time Motion For New Trial" does not constitute an appealable order, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 11, 2018
Date Decided:       July 12, 2018

Do Not Publish

3