# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00206-CR

---

**Tammie Mediati, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
### NO. 47815, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Tammie Mediati, who has not yet been finally sentenced, filed a pro se notice of appeal of the trial court's order denying her pretrial motion to suppress evidence. Her appointed appellate counsel subsequently filed a motion to dismiss the appeal for want of jurisdiction. We will grant the motion because we do not have jurisdiction over this interlocutory appeal.

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) ("[A] defendant's right of appeal is a statutorily created right."). The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App.

2008)); *State ex rel. Lykos*, 330 S.W.3d at 915. Thus, a court of appeals does not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). No such grant exists for a defendant's direct appeal of an interlocutory order denying a pretrial motion to suppress.[1] *See Dahlem v. State*, 322 S.W.3d 685, 690-91 (Tex. App.—Fort Worth 2010, pet. ref'd) (explaining that no statute or rule allows defendants to appeal interlocutory orders denying motions to suppress); *Jenkins v. State*, No. 03-13-00632-CR, 2013 WL 5966169, at *1 (Tex. App.—Austin Oct. 25, 2013, no pet.) (mem. op., not designated for publication) (concluding that court lacked jurisdiction because denial of defendant's motion to suppress evidence is not immediately appealable).

Accordingly, we grant Mediati's motion and dismiss the appeal for want of jurisdiction.

_____
Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed: April 10, 2019

Do Not Publish

---

[1] We note that the State is entitled to appeal an order granting a pretrial motion to suppress evidence. *See* Tex. Code Crim. Proc. art. 44.01(a)(5). However, no such corresponding provision entitles a defendant to appeal the denial of such a motion. *See id.* art. 44.02.