**Ex parte Glen Alton WILEY.**

No. 2–96–328–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 5, 1996.

**4**

court made an oral pronouncement and a docket entry. These actions do not comprise an appealable "written order." *State v. Kibler*, 874 S.W.2d 330, 331–32 (Tex.App.—Fort Worth 1994, no pet.) (citing *Emerald Oaks v. Zardenetta*, 776 S.W.2d 577, 578 (Tex.1989)).

We dismiss Wiley's appeal for want of jurisdiction.

Dee Anne Hudson Peavy, Peavy & Peavy, L.L.P., Graham, for Appellant.

Stephen E. Bristow, District Attorney, Graham, for Appellee.

Before CAYCE, C.J., and DAY and DAUPHINOT, JJ.

**OPINION**

DAY, Justice.

Appellant Glenn Alton Wiley appeals a trial court order denying dismissal of his charge for indecency with a child and denial of his application for writ of habeas corpus. We dismiss this appeal for want of jurisdiction.

We have no jurisdiction to review the trial court's denial of Wiley's motion to dismiss. Appellant is yet to be tried. There is no statute providing for interlocutory appeal of denial of a motion to dismiss.

The trial court conducted a hearing regarding appellant's application for writ of habeas corpus and motion to dismiss on April 22, 1996 and denied the motion and the application for writ of habeas corpus. However, this is reflected in the record only by the trial judge's oral statement at the hearing, "I'm going to deny your motion," and the following signed docket entries: "Defendant's motion to dismiss—denied ... Defendant's application for Writ of Habeas Corpus seeking release for failure to timely indict per Art. 32.01 CCP—Denied." No written order was signed and entered. The trial