COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-171-CR

 

 

THE STATE OF TEXAS                                                         APPELLANT

 

                                                   V.

 

MATTHEW NEAL COX                                                            APPELLEE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

The State is attempting to
appeal the trial court=s ruling
granting Matthew Neal Cox=s motion to
suppress.  The primary issue we must
decide is whether a docket sheet entry reflecting the trial court=s oral ruling on Cox=s motion to suppress constitutes a signed written order for purposes
of appeal.  Because we conclude that it
does not, we dismiss the appeal for want of jurisdiction.








On April 4, 2006, after a
hearing on Cox=s motion to
suppress, the trial court orally granted the motion and made a handwritten
entry on the docket sheet reciting Amotion to suppress granted,@ followed by writing that appears to be initials but which the State
concedes is the judge=s
signature.  Over the State=s objection, however, the trial court declined to sign a written order
memorializing its ruling.  Thereafter, on
May 22, 2006, the State filed its notice of appeal. 

After receiving the State=s notice of appeal, we notified the State of our concern that we
lacked jurisdiction over the appeal because there is no appealable written
order.  In response, the State agreed
that the docket sheet entry is not a written order from which an appeal may be
taken, but requested the court Ato clarify whether the current record contains a written order or not.@








In his reply to the State=s response, Cox moved to dismiss the appeal on the ground that the
docket sheet entry constitutes an appealable order and that we have no
jurisdiction over this appeal because the State=s appeal from the Aorder@ is
untimely.  Cox subsequently filed
Appellee=s Motion to Suspend Rules of Appellate Procedure and Remand to Trial
Court for Hearing to Determine Existence of Written Order,[1]
in which he requested that we abate the case and remand it for an evidentiary
hearing by the trial court to clarify whether the trial court intended the
docket sheet entry to serve as an order for purposes of appeal. 

Article 44.01 of the code of
criminal procedure provides the State authority to appeal an order of a court
in a criminal case if the order grants a motion to suppress.[2]  The appeal must be filed within fifteen days
after the date on which the order, ruling, or sentence to be appealed is Aentered by the court.@[3]  Appellate rule 26.2(b)
contains the same limitation.[4]  Thus, the question before us is whether the
language Aentered by
the court@ encompasses
a docket sheet entry.  We hold that it
does not.








In State v. Rosenbaum,[5]
the court of criminal appeals addressed the meaning of the phrase Aentered by the court@ contained in article 44.01(d). 
Reading article 44.01 as a whole, the court in Rosenbaum interpreted
the phrase Aentered by
the court@ as meaning
the signing of an order by the trial judge, reasoning that the signing of a
written order memorializes the trial court=s intent to authenticate the action taken.[6]  Thus, the court concluded the time for filing
the State=s notice of
appeal under article 44.01 runs from the date the trial judge signs a written
order.[7]  The court reaffirmed this holding in two
subsequent decisions.[8]  Therefore, under Rosenbaum and its
progeny a State=s appeal
under article 44.01 must be from a signed written order.[9]








It is well settled that a
docket sheet entry is not an order.[10]
We have previously held that a docket sheet entry does not constitute a written
order for the purpose of appealing the denial of a motion to dismiss and an
application for writ of habeas corpus.[11]  Similarly, our sister court in Dallas has
held that a docket sheet entry does not constitute a written order for the
purpose of appealing a ruling sustaining a double jeopardy claim under article
44.01.[12]  Likewise, we now hold that a docket sheet
entry does not constitute a written order for the purpose of appealing the
granting of a motion to suppress under article 44.01.








Because the docket sheet
entry in the case before this court does not satisfy the requirements of a
signed written order for the purpose of the State=s appeal under article 44.01, we conclude that there is no order in
the record from which the State may appeal. 
Appellate rule 2 prohibits us from suspending the requirements of
article 44.01 for the purpose of abating and remanding the case to allow the
trial court another opportunity to enter an appealable order.[13]  Accordingly, we deny Cox=s motion to suspend the rules of appellate procedure and dismiss the
appeal for want of jurisdiction.[14]


 

 

 

JOHN CAYCE

CHIEF JUSTICE

 

EN
BANC

DAUPHINOT,
J., filed a dissenting opinion in which HOLMAN, J. joined.

PUBLISH

DELIVERED:  August 23, 2007                                     











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-171-CR

 

 

THE STATE OF TEXAS                                                         APPELLANT

 

                                                   V.

 

MATTHEW NEAL COX                                                            APPELLEE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------

Because I would hold that the
State filed its notice of appeal too late and therefore failed to trigger this
court=s jurisdiction in this appeal from a suppression order, I
dissent.  








I also disagree with the majority=s identification of the primary issue in this case.  I believe that the primary issue in this case
is whether the trial court is required to reduce an evidentiary ruling to
writing and enter a second, separate order when that evidentiary ruling is
pronounced in open court on the record in the presence of both parties, and the
dictated order includes the findings of fact and conclusions of law upon which
the ruling was based.  








A ruling on a motion to suppress is simply an evidentiary ruling.  As the Texas Court of Criminal Appeals has
explained, AA >motion to suppress= evidence is nothing more than a specialized objection to the
admissibility of that evidence.@[15]  A motion to suppress asks the
court for an evidentiary ruling.[16]  The motion may be in writing or it may be
oral.[17]  It may be made pretrial or at any time during
trial until the evidence has been admitted.[18]  If a motion to suppress is denied, no further
objection is required to preserve the complaint.[19]
           Evidentiary rulings are not
required to be reduced to written orders if the ruling clearly appears in the
record.[20]
 Consequently, it follows that a ruling
on a motion to suppress that is dictated into the record in the presence of the
parties and that is adverse to the State does not have to be again reduced to
writing if the ruling clearly appears in the record.








State v. Cullen,[21]
which the Texas Court of Criminal Appeals handed down recently, supports my
conclusion that a written order reciting the adverse ruling on the motion to
suppress is unnecessary when the ruling clearly appears in the reporter=s record.  In that case, the
court announced the new requirement that the trial court must enter findings of
fact and conclusions of law when requested in ruling on all motions to
suppress, not just those dealing with statements of the defendant.[22]  The Cullen court made clear that its
new rule requiring the trial court to enter findings of fact and conclusions of
law in ruling on all motions to suppress would not require extra work for busy
trial judges,[23]
apparently relying on the well-established rule in criminal cases that the
writing requirement is satisfied by dictation into the record and subsequent
transcription.[24]  The Cullen court explained, 

We do
not intend to create additional work for the trial courts;  we are simply asking the trial courts to
inform us of the findings of fact upon which their conclusion is based.  The findings and conclusions need to be
recorded in some way, whether written out and filed by the trial court, or
stated on the record at the hearing.[25]
   

 








Similarly, consistently in the past, the Texas Court of Criminal
Appeals has held that A[a] trial
court satisfies the requirements of [a]rticle 38.22 when it dictates its
findings and conclusions to the court reporter, and they are transcribed and
made a part of the statement of facts, filed with the district clerk and made a
part of the appellate record,@[26] despite article 38.22=s use of the term Aorder.@[27]  The findings and conclusions
in the case before us were so dictated, transcribed, made a part of the
statement of facts, filed with the district clerk, and made a part of the
appellate record.

Based on the above case law and this court=s review of the record, we should hold that the trial court=s dictating its ruling into the record in the presence of both the
State and the defense constituted an order granting Cox=s motion to suppress and that the State=s appellate timetable consequently ran from that date.  Because this holding would be dispositive, we
would then not reach the irrelevant issue of whether the docket sheet entry
memorializing the ruling and signed by the trial judge is an order.  In this case, the signed docket sheet entry
merely makes the date triggering the State=s appellate timetable more obvious to all. 








Because the trial judge entered his appealable ruling granting Cox=s motion to suppress on April 4, 2006, the State was required to file
its notice of appeal on or before April 19, 2006.[28]  Because the State did not file its notice of
appeal until May 22, 2006, the notice of appeal was untimely.[29]  A notice of appeal that complies with the
requirements of rule 26 is essential to vest this court with jurisdiction.[30]  The Texas Court of Criminal Appeals has
expressly held that, without a timely filed notice of appeal or motion for
extension of time, we cannot exercise jurisdiction over an appeal.[31]  I would
therefore dismiss this appeal for want of jurisdiction[32]
and allow the State to proceed with its case in the trial court without the
suppressed evidence.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

HOLMAN, J., joins.

 

PUBLISH

DELIVERED:  August 23, 2007











[1]See Tex. R. App. P. 2 (AOn a
party=s
motion . . . the appellate court may . . . suspend a rule=s
operation in a particular case and order a different procedure[.]@).





[2]Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (Vernon 2006).  





[3]Id. art.
44.01(d).  





[4]Tex. R. App. P. 26.2(b) (AThe
notice of appeal must be filed within 15 days after the day the trial court
enters the order, ruling, or sentence to be appealed.@).





[5]818
S.W.2d 398 (Tex. Crim. App. 1991).





[6]Id. at
402.





[7]Id. at
402-03.  





[8]Rodarte
v. State, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993); State
ex rel. Sutton v. Bage, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992) (orig.
proceeding).





[9]We
recognize that at the time Rosenbaum was decided, former appellate rule
41(b)(1), the predecessor to rule 26.2(b), provided that the deadline for
filing the State=s
notice of appeal ran from the date an appealable order was signed by the
trial judge.  See Tex. R. App. P. 41(b)(1),707B708
S.W.2d (Tex. Cases) LIII (1986, amended 1997). 
The Rosenbaum court concluded that article 44.01 and former rule
41(b)(1) did not conflict because Aentered by the court@
encompassed the signing of the order.  Rosenbaum,
818 S.W.2d at 402. Although rule 26.2(b) now tracks article 44.01 and provides
that the State=s
appellate deadline runs from the date the trial court Aenters
the order,@ no
substantive changes between former rule 41(b)(1) and current rule 26.2(b) were
intended.  See Tex. R. App. P. 26.2, 948B949
S.W.2d (Tex. Cases) XCVII-XCVIII (1997) cmt. (AThis
is former rule 41. . . .  Nonsubstantive
changes are made in the rule for criminal cases.@).  Therefore, the change in wording between
former rule 41(b)(1) and rule 26.2(b) is not significant to our decision.  See State v. Shaw, 4 S.W.3d
875, 877 (Tex. App.CDallas
1999, no pet.) (holding same).





[10]See
State v. Garza, 931 S.W.2d 560, 561-62 (Tex. Crim. App. 1996); Shaw,
4 S.W.3d at 878; Ex parte Wiley, 949 S.W.2d 3, 4 (Tex. App.CFort
Worth 1996, no pet.).





[11]Wiley, 949
S.W.2d at 4.





[12]Shaw, 4
S.W.3d at 878; see Tex. Code
Crim. Proc. Ann. art. 44.01(a)(4). 





[13]See Tex. R. App. P. 2 (A[A]
court must not construe this rule to suspend any provision of the Code of
Criminal Procedure[.]@).





[14]See
Ex parte Lewis, 196 S.W.3d 404, 405 (Tex. App.CFort
Worth 2006, no pet.); Wiley, 949 S.W.2d at 4 (both dismissing appeals
for want of jurisdiction where no appealable order had been signed).

 

We do not address the question of whether the trial court abused its
discretion by refusing to enter a signed written order granting the motion to
suppress because we have no jurisdiction to address that issue.  If the State believes the trial court=s
refusal to issue a written order is improper, that issue may be addressed by
mandamus.  In re Hancock, 212 S.W.3d
922, 926 (Tex. App.CFort
Worth 2007, orig. proceeding) (granting mandamus relief in a criminal
proceeding); cf. In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
134-36 (Tex. 2004) (orig. proceeding) (holding that mandamus relief is proper
where the trial court=s
clear abuse of discretion deprived the relator of an adequate appellate
remedy).





[15]Galitz
v. State, 617 S.W.2d 949, 958 (Tex. Crim. App. 1981).





[16]Cobb
v. State, 85 S.W.3d 258, 272 n.50 (Tex. Crim. App. 2002),
cert. denied, 537 U.S. 1195 (2003).





[17]See
Hall v. State, 74 S.W.3d 521, 527 n.3 (Tex. App.CAmarillo
2002, no pet.).





[18]Ross
v. State, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984).





[19]Tex. R. Evid. 103(a)(1); Gearing v.
State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) (AIt is
settled that when a pre‑trial motion to suppress evidence is overruled,
the accused need not subsequently object to the admission of the same evidence
at trial in order to preserve error.@), overruled on other
grounds by Woods v. State, 956 S.W.2d 33 (Tex. Crim. App. 1997).





[20]See Tex. R. Evid. 103; Tex. R. App. P. 33.1(a)(2); Gutierrez v. State, 36
S.W.3d 509, 510-11 (Tex. Crim. App. 2001); see also Reyes v. State,
910 S.W.2d 585, 589 (Tex. App.CAmarillo 1995, pet. ref=d)
(holding, in a case in which neither a written motion to suppress nor a written
order appeared in the appellate record, that Ain
this case the record is quite clear that a motion to suppress was filed,
testimony was taken in connection with that motion, and the court's decision to
overrule the motion was quite clear and definite. Thus, the record is
sufficient to preserve the question for appellate review.@).





[21]195
S.W.3d 696 (Tex. Crim. App. 2006).





[22]Id. at
699.





[23]Id.





[24]See,
e.g., Horn v. State, 699 S.W.2d 714, 716 (Tex. App.CFort
Worth 1985, no pet.).





[25]Cullen, 195
S.W.3d at 699 (emphasis added).





[26]Murphy
v. State, 112 S.W.3d 592, 601-02 (Tex. Crim. App. 2003),
cert. denied, 541 U.S. 940 (2004).





[27]Tex. Code Crim. Proc. Ann. art.
38.22, ' 6
(Vernon 2005).





[28]See Tex. Code Crim. Proc. Ann. art.
44.01(d); Tex. R. App. P.
26.2(b).





[29]See Tex. Code Crim. Proc. Ann. art. 44.01(d);
Tex. R. App. P. 26.2(b).





[30]Tex. R. App. P. 26.2(b); see Slaton v.
State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).





[31]See
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996);
see also Slaton, 981 S.W.2d at 210.





[32]See Tex. R. App. P. 43.2(f).