

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00809-CR

**EX PARTE** Jorge **GARCIA**

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2000CR5603W
Honorable Andrew Wyatt Carruthers, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  January 14, 2015

DISMISSED FOR WANT OF JURISDICTION

In this accelerated appeal, Jorge A. Garcia appeals the trial court's denial of his request for habeas corpus relief.  Appellant filed a post-conviction application for writ of habeas corpus; the trial court issued the writ, conducted a hearing on the merits, and orally denied relief.  A docket sheet entry memorializes the trial court's oral pronouncement, but the record does not contain a signed, written order denying relief.

A docket sheet entry is insufficient to invoke this court's jurisdiction.  *Shaw v. State*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) ("A docket sheet entry cannot stand as an order."); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.) ("No written order was signed and entered. The trial court made an oral pronouncement and a docket entry. These actions do not comprise an appealable 'written order.'"); *see also In re Beck*, 26 S.W.3d

553, 555 (Tex. App.—Dallas 2000) ("We encourage the bench to enter signed written orders and judgments."), *overruled on other grounds sub nom. State ex rel. Hill v. Court of Appeals for the Fifth Circuit*, 34 S.W.3d 924 (Tex. Crim. App. 2001). Further, this court must dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

On December 1, 2014, we abated this appeal and remanded the cause to the trial court for Appellant to secure a signed, written order from the trial court; obtain a trial court certification of Appellant's right to appeal; and direct the trial court clerk to file a supplemental record containing the order and certification, *see* TEX. R. APP. P. 34.5(c)(1). We warned Appellant that if he failed to comply with our order by December 22, 2014, we would dismiss his appeal for want of jurisdiction. *See id.* R. 25.2(d), 43.2(f); *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008) (reiterating that the right to appeal under article 44.02 is limited to appeal from a final judgment). To date, Appellant has not complied with our December 1, 2014 order.

Therefore, we reinstate this appeal on this court's docket and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 25.2(d), 43.2(f); *Abbott*, 271 S.W.3d at 697; *Chavez*, 183 S.W.3d at 680.

PER CURIAM

DO NOT PUBLISH