# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00180-CR

**Wilfred Warren Sheppard, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY,
### NO. 73471, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Wilfred Warren Sheppard filed a pro se pretrial notice of appeal of the trial court's oral order denying his pretrial motion to dismiss.[1] We lack jurisdiction over Sheppard's appeal for several reasons.

In criminal cases, this Court has jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written, signed order from which to appeal. *See State v. Sanavongxay,* 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (noting that "our precedent requires that an order be in writing" when discussing State's statutory right to appeal pretrial suppression order); *see also State v. Rosenbaum,* 818 S.W.2d 398, 401-02 (Tex. Crim. App. 1991) (holding that for purposes of appeal, trial court "enters" order when judge signs order). The record before us contains no written, signed order denying Sheppard's motion to

---

[1] The trial court's docket sheet reflects that a Faretta hearing has been held and that Sheppard is representing himself at trial.

dismiss; thus, there has been no entry of an appealable order. *See, e.g.*, *Dekneef v. State*, No. 03-13-00699-CR, 2013 WL 6801261, at *1 (Tex. App.—Austin Dec. 20, 2013, no pet.)

Even if the trial court had signed an order, we find no authority for Sheppard to appeal the order. In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) ("[A] defendant's right of appeal is a statutorily created right."). The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)); *State ex rel. Lykos*, 330 S.W.3d at 915. Thus, a court of appeals does not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). No such grant exists for a defendant's direct appeal of an interlocutory order denying a pretrial motion to dismiss. *See, e.g.*, *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no writ) (dismissing appeal because "[t]here is no statute providing for interlocutory appeal of denial of a motion to dismiss").

Finally, the trial-court certification in the record reflects that Sheppard has no right of appeal. We are required to dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record." *See* Tex. R. App. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d); *id.* R. 43.2 (f).

2

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed:   May 1, 2019

Do Not Publish