# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00267-CR
## NO. 03-19-00268-CR
## NO. 03-19-00269-CR

**Wilfred Warren Sheppard, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY,
### NO. 2C14-01404, NO. 2C14-02351, & NO. 2C16-04640
### THE HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Wilfred Warren Sheppard filed pro se pretrial notices of appeal of the trial court's oral order denying his pretrial "Motion to Quash Indictment (Information)" filed in cause numbers 2C14-01404 and 2C14-02351 and his motion to sever cause number 2C16-04640.[1] (Although the motion to quash appears to have been filed in all three cause numbers, Sheppard's notices of appeal only challenge its denial in the two listed cause numbers.) We lack jurisdiction over Sheppard's appeal.

In criminal cases, this Court has jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written, signed order from which to appeal.

---

[1] The trial court's docket sheet reflects that a Faretta hearing has been held and that Sheppard is representing himself at trial.

*See State v. Sanavongxay,* 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (noting that "our precedent requires that an order be in writing" when discussing State's statutory right to appeal pretrial suppression order); *see also State v. Rosenbaum,* 818 S.W.2d 398, 401-02 (Tex. Crim. App. 1991) (holding that for purposes of appeal, trial court "enters" order when judge signs order). The record before us contains no written, signed order denying Sheppard's motion to quash or his motion to sever; thus, there has been no entry of an appealable order. *See, e.g., Dekneef v. State*, No. 03-13-00699-CR, 2013 WL 6801261, at *1 (Tex. App.—Austin Dec. 20, 2013, no pet.)

Even if the trial court had signed an order, we find no authority for Sheppard to appeal either type of order. In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) ("[A] defendant's right of appeal is a statutorily created right."). The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)); *State ex rel. Lykos*, 330 S.W.3d at 915. Thus, a court of appeals does not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). No such grant exists for a defendant's direct appeal of an interlocutory order denying a pretrial motion to quash or a pretrial motion to sever. *See, e.g., Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no writ)

2

(dismissing appeal because "[t]here is no statute providing for interlocutory appeal of denial of a motion to dismiss").

Accordingly, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 25.2(a)(2), (d); *id.* R. 43.2 (f).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed:  May 24, 2019

Do Not Publish

3