# NO. 12-20-00006-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 369TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *KALI DANIELLE TERRY* | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Appellant Kali Danielle Terry appeals from the trial court's denial of her pretrial application for writ of habeas corpus, in which she sought a bond reduction. The reporter's record demonstrates that the trial court conducted a hearing on December 4, 2019, at which he denied Appellant's application and ruled that bond remains at $250,000. The docket sheet also reflects denial of the habeas application. Appellant's notice of appeal states that she appeals from the trial court's December 4 decision. The clerk's record contains no written order denying her application.

On January 29, 2020, the Clerk of this Court notified Appellant that the clerk's record received in this appeal does not show the jurisdiction of this Court. Specifically, there is no final judgment or appealable order contained therein. The notice further informed Appellant that the appeal would be dismissed unless the clerk's record was amended on or before February 10 to show this Court's jurisdiction. This deadline expired without an amended clerk's record or other response from Appellant.

The court of criminal appeals has held that a "trial court's oral pronouncements on the record do not constitute appealable orders." *State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex. Crim. App. 2015). "Only a writing suffices." *State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012). Moreover, a docket entry is not tantamount to an order. *Payne v. State*, No. 12-17-00143-CR, 2017 WL 2570829, at *1 (Tex. App.—Tyler June 14, 2017, no pet.) (mem. op., not designated for publication); *see State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.–Dallas 1999, no

pet.).  Here, the record contains no written order denying Appellant's habeas application, and neither an oral pronouncement or a docket sheet entry is sufficient to comprise an appealable, written order.  *See **Wachtendorf***, 475 S.W.3d at 903; *see also **Sanavongxay***, 407 S.W.3d at 258; ***Payne***, 2017 WL 2570829, at *1 (dismissing appeal from pretrial habeas application for want of jurisdiction absent written order); *see also **Walton v. State***, No. 02-18-00396-CR, 2018 WL 6424242, at *1 (Tex. App.—Fort Worth Dec. 6, 2018, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction because appellate court had not received "a written order from the trial court—a prerequisite to appealability"); ***Ex parte Wiley***, 949 S.W.2d 3, 4 (Tex. App.–Fort Worth 1996, no pet.).  Accordingly, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***.

Opinion delivered February 19, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### FEBRUARY 19, 2020

### NO. 12-20-00006-CR

### EX PARTE: KALI DANIELLE TERRY

Appeal from the 369th District Court
of Anderson County, Texas (Tr.Ct.No. DCCV19-1401-369)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*