**Opinion filed February 28, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00015-CR
_____

## TINA RENE DINWOODIE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 13550-D**

## MEMORANDUM OPINION

Tina Rene Dinwoodie has filed a pro se notice of appeal related to a pro se motion to dismiss that she filed in the trial court. In her notice of appeal, Appellant asserted that she was appealing from the trial court's failure to rule on the motion to dismiss and her attorney's ineffective assistance of counsel. We dismiss the appeal.

When this appeal was docketed, the clerk of this court wrote Appellant and informed her that it did not appear that the trial court had entered a final, appealable order. We requested that Appellant respond and show grounds to continue this appeal. Appellant filed a "brief" in this court in which she asserts that this appeal is taken from the "presumed" denial of her motion to dismiss, that she has received

ineffective assistance of counsel, and that she is innocent. Appellant has not shown grounds upon which this appeal may continue.

It does not appear from the documents filed in this appeal that the trial court acted on Appellant's pro se motion to dismiss. The trial court forwarded the motion to Appellant's trial counsel and informed trial counsel that the trial court would not consider the motion unless it was "filed by or adopted by the attorney of record." A defendant has no right to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). A trial court's decision not to rule on a pro se motion is not subject to review on appeal. *Id.*

Moreover, even if the trial court had acted on and denied Appellant's motion to dismiss, the denial of the motion would not be subject to review at this time. An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). We do not have jurisdiction to review an interlocutory denial of a motion to dismiss. *See Ahmad v. State*, 158 S.W.3d 525, 527 (Tex. App.—Fort Worth 2004, pet. ref'd); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.) ("There is no statute providing for interlocutory appeal of denial of a motion to dismiss.").

Because the trial court has not entered an order from which Appellant may perfect an appeal, we dismiss this appeal for want of jurisdiction.


February 28, 2020                                                    PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.