

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00102-CR
_____

JORDAN AWADALLA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 59,400-C

---

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

Appellant Jordan Awadalla's jury trial for sexual assault of a child younger than seventeen years old is pending. On November 7, 2019, the trial court allowed former defense counsel to withdraw with Appellant's agreement and appointed current defense counsel. Approximately two months later, Appellant filed a pro se "Motion to Dismiss Due to Ineffective Assistance of Counsel and/or Constructive Denial of Counsel." On July 20, 2020, Appellant filed a notice of appeal in this court, seeking to appeal the trial court's alleged June 25, 2020 ruling on his motion to dismiss the case. No written order denying that motion is before us.

We notified Appellant of our concern that we lack jurisdiction over the appeal because the trial court had not entered an appealable order. We stated that unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3. Appellant filed a response, but it does not show grounds for continuing the appeal.

Even if the trial court had denied Appellant's motion in a written order,[1] we would have no jurisdiction over this interlocutory appeal. In a criminal case, we generally have jurisdiction only when the trial court has signed a judgment of

---

[1]Oral rulings are not appealable orders. *State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.).

conviction. *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Appellate courts lack jurisdiction to review interlocutory orders absent express statutory authorization. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). No statute authorizes an interlocutory appeal from a motion to dismiss. *Wiley*, 949 S.W.2d at 4; *see also Dinwoodie v. State*, No. 11-20-00015-CR, 2020 WL 976932, at *1 (Tex. App.—Eastland Feb. 28, 2020, no pet.) (per curiam) (mem. op., not designated for publication).

Accordingly, we dismiss this appeal for want of jurisdiction.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 8, 2020