# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00658-CR

**Raymond E. Solis, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 335TH DISTRICT COURT OF BASTROP COUNTY
## NO. 16,366, THE HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Raymond Solis, acting pro se, filed his notice of appeal of the district court's order denying his pretrial motion to quash indictment.  However, we lack jurisdiction over Solis's appeal.

In Texas, appeals in criminal cases are permitted only when specifically authorized by statute.  *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) ("[A] defendant's right of appeal is a statutorily created right.").  The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)); *Fine*, 330 S.W.3d at 915.  Thus, we "do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." *Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex.

Crim. App. 1991); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). No such grant exists for a defendant's direct appeal of an interlocutory order denying a pretrial motion to quash. *See, e.g.*, *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no writ) (dismissing appeal because "[t]here is no statute providing for interlocutory appeal of denial of a motion to dismiss").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2 (f).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed:   December 30, 2021

Do Not Publish