

# NUMBER 13-22-00458-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **TYRONE DEWAYNE AMOS,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

Appellant Tyrone DeWayne Amos, proceeding pro se, attempts to appeal the denial of a pre-trial writ of habeas corpus heard by the trial court on September 23, 2022. On October 6, 2022, the Clerk of the Court notified appellant that there was no final, appealable order, requested correction of this defect if possible, and advised appellant that the appeal might be dismissed if the defect was not corrected within thirty days. *See*

TEX. R. APP. P. 37.1. Appellant did not respond to the Clerk's notice or otherwise correct the defect. The district clerk's office has subsequently informed the Court that the trial court did not sign a written order denying the pre-trial writ of habeas corpus.

"[T]he trial court's oral pronouncements on the record do not constitute appealable orders." *State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex. Crim. App. 2015). "Only a writing suffices." *State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012). Further, a docket sheet entry does not constitute a signed, written order or a final judgment. *See State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996); *State v. Atkinson*, 541 S.W.3d 876, 880 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.). In accordance with these principles, we lack jurisdiction over an oral ruling denying a pretrial application for writ of habeas corpus. *See Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no writ); *see also Ex parte Harper*, No. 08-21-00215-CR, 2022 WL 594147, at *1 (Tex. App.—El Paso Feb. 28, 2022, no pet.) (mem. op., not designated for publication) (dismissing an appeal from a denial of a pretrial application for writ of habeas corpus in the absence of a written order); *Ex parte Terry*, No. 12-20-00006-CR, 2020 WL 827591, at *1 (Tex. App.—Tyler Feb. 19, 2020, no pet.) (mem. op., not designated for publication) (per curiam) (same).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this attempted appeal. *See Ex parte Wiley*, 949 S.W.2d at 4; *see also Ex parte Harper*, 2022 WL 594147, at *1; *Ex*

2

*parte Terry*, 2020 WL 827591, at *1. Accordingly, we dismiss this appeal for lack of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
1st day of December, 2022.

3