

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE: | § | No. 08-24-00309-CR |
| ALLA ZORIKOVA, | § | Appeal from the |
| Appellant. | § | County Court |
| | § | of Hudspeth County, Texas |
| | § | (TC#CR-09683) |

## MEMORANDUM OPINION

Appellant, Alla Zorikova, *pro se*, appeals the denial of a pretrial writ of habeas corpus in the County Court of Hudspeth County, Texas. We dismiss for want of jurisdiction.

Appellant filed her notice of appeal on July 19, 2024, stating her intent to appeal from the denial of a pretrial writ of habeas corpus entered on July 9, 2024. The appeal and a docketing certificate were forwarded to this Court by the County Court on August 6. The docketing certificate states, "[n]o judgment, appealing decision on Application for Pretrial Writ of Habeas Corpus, was denied verbally in Court on 07/09/2024; no physical order was or has been filed."

That same day, this Court issued a letter notifying Appellant that based on the information available to the Court, it appeared that no appealable order was signed. We gave Appellant 20 days' notice of our intent to dismiss the appeal for lack of jurisdiction unless she could show

grounds to continue the appeal. On August 21, 2024, Appellant responded that, despite her request, no written order had yet been received or issued by the County Court. On August 26, 2024, Appellant supplemented her response, indicating again that no written order had been issued by the County Court.

A signed, written order or final judgment is needed to invoke this Court's jurisdiction. *State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012). "[T]he trial court's oral pronouncements on the record do not constitute appealable orders." *State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex. Crim. App. 2015). Here, Appellant's response to this Court's notice confirms that no written order has been entered. Courts do recognize that if "a trial court refuses to, or simply does not, enter a written order, [an appellant's] right to appeal a pretrial ruling could be stymied[.]"[1] *Sanavongxay*, 407 S.W.3d at 258. Even so, without a written order, this Court lacks jurisdiction over the appeal. *See Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.); *Ex parte Harper*, No. 08-21-00215-CR, 2022 WL 594147, at *1 (Tex. App.—El Paso Feb. 28, 2022, no pet.) (mem. op., not designated for publication) (dismissing an appeal from a denial of a pretrial writ of habeas corpus in the absence of a written order). Accordingly, we dismiss the appeal for want of jurisdiction.

---

[1] Appellant's responses indicate that she has requested a copy of the order and asked that the Clerk of Court provide the order to her. In her supplemental response, received by this Court on August 26, Appellant states that "Judge Schild . . . will not issue the order." If the trial court refuses to sign a written order, Appellant would be entitled to a writ of mandamus to compel the trial court do so, "because such a ruling is a ministerial act that is the proper subject of a mandamus." *State v. Sanavongxay*, 407 S.W.3d 252, 258 n. 9. (Tex. Crim. App. 2012). However, we cannot construe Appellant's notice of appeal or responses to our notice as a petition for writ of mandamus, which is an original proceeding "commenced by filing a petition with the clerk of the appropriate appellate court." Tex. R. App. P. 52.1.

GINA M. PALAFOX, Justice

August 28, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)