**Opinion issued March 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-24-00988-CR

## NO. 01-24-00989-CR

—————————————

## EX PARTE MARCUS TYRONE GRANT, Appellant

———————————————————————————————

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case Nos. 24-10-19289 and 24-10-19288**

———————————————————————————————

## MEMORANDUM OPINION

Appellant Marcus Tyrone Grant attempts to appeal from the trial court's denial of his applications for writ of habeas corpus. We dismiss.

Appellant filed applications for writ of habeas corpus in two trial court causes and the trial court held a hearing on November 4, 2024. After argument, the trial

court denied the applications on the record. The clerk's record contains no written order. The Court issued an order requesting any written order denying appellant's applications for writ of habeas corpus. The trial court clerk advised that there was no written order.

Rule 31 provides that the trial court clerk shall prepare and certify the clerk's record when a written notice of appeal from a judgment or order in a habeas corpus proceeding is filed. *See* TEX. R. APP. P. 31.1. An oral pronouncement does not comprise an appealable written order in a habeas proceeding. *See Ex parte Wiley,* 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.) (dismissing appeal for lack of written order denying application for writ of habeas corpus); *Ex parte Berry*, No. 08-22-00185-CR, 2022 WL 11002302, at *1 (Tex. App.—El Paso Oct. 19, 2022, no pet.) (dismissing appeal for lack of jurisdiction because there is no written order denying application for writ of habeas corpus). Because there is no written order denying appellant's applications for writ of habeas corpus, we lack jurisdiction over these appeals. *See Berry*, 2022 WL 11002302, at *1.

We dismiss these appeals for lack of jurisdiction.[1] Any pending motions are dismissed as moot.

---

[1] The clerk's record also indicates that the trial court appointed counsel for appellant and there is no indication that counsel has withdrawn. Appellant filed these appeals pro se. A defendant is not entitled to hybrid representation in this Court and therefore, had we possessed jurisdiction, these appeals would have presented

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).

---

nothing for review. *See Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011).