**Ex parte Rodrigo PEÑA, Appellant.**

No. 04–96–00905–CR.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1997.

■■■■■■■■■■

Arnulfo Ortiz, Cavazos & Ortiz, San Antonio, for appellant.

J.W. Johnson, Jr., District Attorney, Sonora, for appellee.

Before HARDBERGER, C.J., and STONE and GREEN, JJ.

STONE, Justice.

Appellant, Rodrigo Peña, appeals the trial court's denial of his application for writ of habeas corpus. Because Peña's notice of appeal was not filed within thirty days after the appealable order was signed, we dismiss this appeal for lack of jurisdiction.

Peña filed an application for writ of habeas corpus requesting that his indictment for possession of a controlled substance be dismissed pursuant to Tex.Code of Crim. Proc. Ann. art. 32.01 (Vernon 1989) (limiting the time for returning indictments). On September 12, 1996, the trial court denied the requested relief.

Peña filed his notice of appeal on October 25, 1996, more than thirty days after the appealable order was signed. He did not file a motion for extension of time. Concerned that we lacked jurisdiction under the filing deadline of Tex.R.App. P 41(b),[1] this court issued a show cause order to which Peña timely responded.

■■■ Peña argues that his appeal should not be governed by rule 41 for "ordinary appeals." Instead, it should be governed by the "fast track procedures" provided by Tex. R.App. P 44 for "appeals in habeas corpus and bail." While rule 44 addresses timetables for the appellate record and submission before the appellate court, it does not address the filing deadline for the notice of appeal.

■■■ "A signed order denying relief on habeas corpus is an appealable order regulated by the general rules requiring notice of appeal in criminal cases." *Luciano v. State*, 906 S.W.2d 523, 526 n. 1 (Tex.Crim.App.1995) (Clinton, J., concurring) (referring to Tex. R.App. P 41(b)). "Otherwise[,] appellate procedure on habeas corpus is provided in TRAP Rule 44." *Id.* Thus, the timetable for the notice of appeal begins on the day the order denying habeas corpus relief is signed, and the notice of appeal is due thirty days thereafter. *See Rodarte v. State*, 860 S.W.2d 108, 109–10 (Tex.Crim.App.1993) (explaining that post-conviction writs of habeas corpus are exempt from this rule). If the notice of appeal is not timely filed and a motion for extension of time is not granted, then we lack jurisdiction over the appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996); *Shute v. State*, 744 S.W.2d 96, 97 (Tex.Crim.App.1988).

Peña did not file his notice of appeal thirty days after the appealable order was signed. Accordingly, we lack jurisdiction over this appeal.

The appeal is dismissed.

■■■■■■■■■■

1. Rule 41(b)(1) states that
   [a]ppeal is perfected when notice of appeal is filed *within thirty (fifteen by the state) days* after the day sentence is imposed or suspended in open court *or the day an appealable order is signed* by the trial judge; except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days after the day sentence is imposed or suspended in open court.
   (Emphasis added).