**Ex parte Roderick BREW.**

No. 04–97–00464–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 20, 1997.

---

Fernando Ramos, San Antonio, for Appellant.

Steven C. Hilbig, Criminal District Attorney, San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and GREEN, JJ.

## OPINION

GREEN, Justice.

Appellant, Roderick Brew, appeals the denial of habeas corpus relief. The magistrate originally granted Brew relief and ordered the prosecution dismissed with prejudice on March 14, 1997. On March 31st, however, the trial court signed an order denying habeas corpus relief and rescinding the dismissal order. According to Brew, he did not file his notice of appeal until June 19th because he did not receive notice of the trial court's March 31st order until after the expiration of the thirty-day time limit for perfection of this appeal. *See* TEX.R.APP. P. 41(b)(1); *Ex parte Pena,* 940 S.W.2d 260, 261 (Tex.App.—San Antonio 1997, no pet.).

Brew argues that the magistrate's March 14th order became final fifteen days before the trial court signed its March 31st order. Whether March 31st is the fifteenth day following March 14th is irrelevant because "[a] magistrate may not enter a ruling on any issue of law or fact if that ruling could result in dismissal or require dismissal of a pending criminal prosecution." TEX. GOV'T CODE ANN. § 54.908(b) (Vernon Supp.1997) (regarding criminal law magistrates in Bexar County); *see also id.* § 54.878(b) (Lubbock County); § 54.978 (Travis County). Thus, the magistrate lacked jurisdiction to enter its March 14th order, and the trial court's March 31st order is the proper appealable order. Because Brew's appeal was untimely perfected, we dismiss it for lack of jurisdiction. *See Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim.App.1996); *Shute v. State,* 744 S.W.2d 96, 97 (Tex.Crim.App.1988).