

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0184-22

### EX PARTE CHESTER SINCLAIR, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### AND DISCRETIONARY REVIEW ON COURT'S OWN MOTION
### FROM THE THIRTEENTH COURT OF APPEALS
### BEXAR COUNTY

NEWELL, J., filed a dissenting opinion in which HERVEY, WALKER and SLAUGHTER, JJ., joined.

As I understand the Court's holding, a magistrate's written order recommending a particular action by the trial court cannot ever become a "written order" of the trial court even if the magistrate's order becomes the decree of the trial court as a matter of law. That means there are now countless cases in Texas in which trial courts believe they have denied habeas corpus relief by relying upon a magistrate, but after

today, the applications are once again pending.[1]  Magistrate statutes across the State empower a trial court to refer a case to a magistrate for a hearing and findings and then, if the trial court agrees with the magistrate's recommendation, the magistrate's recommendation becomes the decree of the court without the trial court having to enter an additional order.[2]  That appears to be the practice in this case at least.  But the Court's holding that the trial court must enter a written order separate from the magistrate's recommendation effectively invalidates statutory provisions regarding local magistrate judges that trial courts have been relying upon for decades.[3]  There is a more straightforward approach to resolving this case—the one adopted by the court of appeals.

---

[1] The Court's interpretation of the magistrate statutes that a magistrate's recommendation merely results in a trial court's decree of a recommendation will necessarily impact more than just habeas corpus cases referred to a magistrate.  It calls into question any magistrate recommendation adopted by the trial court in reliance upon the statute.  However, I confine my analysis to the specific type of magistrate order in this case.

[2] *See, e.g.,* Tex. Gov't Code Ann. §§ 54.908 (authorizing Bexar County magistrates to hold hearings and enter findings) & 54.912(b) (providing the action of magistrates becomes the decree of the court "[i]f the court does not modify, correct, reject, reverse, or recommit an action of the magistrate"); *see also* Tex. Gov't Code Ann. §§ 54.308 & 54.312(b) (same for Dallas County); §§ 54.658 & 54.662(b) (same for Tarrant County); §§ 54.878 & 54.882(b) (same for Lubbock County); §§ 54.978 & 54.982(b) (same for Travis County); §§ 54.2207 & 54.2215 (same for Collin County).

[3] The Court doubles down on the idea that a magistrate, according to the Court, does not have authority to enter a ruling.  But this interpretation fails to give effect to the statutory language that authorizes the magistrate to recommend rulings that become the decree of the trial court if the court does not modify, correct, reject, reverse, or recommit the magistrate's action.  Tex. Gov't Code Ann. §§ 54.908(a)(11), 54.912(b).  In this way, the Court effectively renders these statutory provisions meaningless.

In this case, the trial court referred Appellant's application for habeas corpus relief to a local magistrate, and the magistrate held a hearing on the application. Then the magistrate entered an order holding that Appellant was entitled to relief and recommended to the trial court that it grant relief.[4] Pursuant to statute and the trial court's referral order, fifteen days after the magistrate entered the order, the magistrate's written order became the final decree of the trial court because the trial court did not correct or modify it or enter an order superseding it.[5]

The State could have appealed the order granting habeas relief as the magistrate's order became the trial court's decree fifteen days after the day the magistrate entered it.[6] Instead, the State chose to file a

---

[4] Tex. Gov't Code Ann. § 54.908(11) (empower magistrates to whom a case is referred to recommend rulings, orders, or judgment to be made in a case).

[5] *See* Tex. Gov't Code Ann. § 54.912(b). Prior to 2001, magistrates in Bexar County were specifically prohibited from entering a ruling on any issue of law or fact if that ruling could result in dismissal or require dismissal of a pending criminal prosecution. *See* Tex. Gov't Code Ann. § 54.908(b) (1997), *amended by* Act of June 13, 2001, 77th Leg., R.S., ch. 680, 2001 Tex. Gen. Laws 1286. However, the Legislature deleted this subsection in 2001 after a court of appeals interpreted this provision as limiting the jurisdiction of the magistrate court. *See* Act of June 13, 2001, 77th Leg., R.S., ch. 680, 2001 Tex. Gen. Laws 1286; *see also Ex parte Brew*, 954 S.W.2d 107, 108 (Tex. App.—San Antonio 1997 no pet.). By amending the magistrate statute, the Legislature clearly sought to improve the flow of the judicial process by providing more flexibility for trial courts in relying upon magistrates.

[6] Tex. Code Crim. Proc. Ann. art. 44.01(k) ("The state is entitled to appeal an order granting relief to an applicant for a writ of habeas corpus under Article 11.072.").

motion to reconsider in the magistrate's court.[7]  So, the court of appeals addressed the question of whether the State could extend the habeas court's jurisdiction through a motion to reconsider.[8]  The court of appeals held that, unlike a grant of a motion to suppress, a grant of habeas relief is not interlocutory and therefore a motion to reconsider cannot extend jurisdiction once an order granting relief becomes final.[9] Consequently, the court of appeals held that the habeas court lost jurisdiction to reconsider the grant of habeas relief once the grant of relief became final.[10]

But instead of evaluating the court of appeals opinion, the Court confuses the issue by creating a conflict between the Bexar County magistrate statutes and the Code of Criminal Procedure rather than harmonizing them.[11]  The most natural way of reading the interplay

---

[7] Indeed, once the case was referred to the magistrate, the State never sought an order from the trial court.  This demonstrates the understanding that trial courts, in practice, rely upon the magistrates and the magistrate statute for the entry of the written order once a case is transferred to a magistrate.

[8] *Ex parte Sinclair*, No. 13-20-00065-CR, 2022 WL 619146, at *3-4 (Tex. App. – Corpus Christi-Edinburg, Mar. 3, 2022) (not designated for publication).

[9] *Id.*

[10] *Id.* at *5.

[11] *Jones v. Hendrix*, 599 U.S. 465, 478 (2023) (recognizing "[b]asic principles of statutory interpretation require" statutes be construed in harmony); *Ex parte Vieira*, 676 S.W.3d 654, 658 (Tex. Crim. App. 2023) (noting the statutory rules of construction require the Court to "consider other relevant statutory provisions and to harmonize and avoid conflicts").

between the statutes authorizing the use of magistrates in Bexar County and Article 11.072 of the Code of Criminal Procedure is to interpret the magistrate's uncorrected order recommending relief as a written order granting relief that became final by the terms of the trial court's referral order.  I believe this satisfies the "written order" requirement in Article 11.072.  But by failing to harmonize the different provisions, the Court undoes the work of not only the magistrate in this case, but also puts at risk the work of numerous trial courts who have relied upon local magistrates over the years.[12]

Article 11.072 of the Code of Criminal Procedure specifically authorizes trial courts to rely upon magistrates in the resolutions of applications for writs of habeas corpus in cases which a defendant has received probation.[13]  The use of magistrates in Bexar County is governed by statute.  Texas Government Code Section 54.901 authorizes Bexar County to appoint magistrates with the consent and approval of the Commissioner's Court of Bexar County.[14]  Section

---

[12] *See State ex. rel. Wice v. Fifth Judicial District Court of Appeals*, 581 S.W.3d 189, 197 (Tex. Crim. App. 2018) ("When reading statutes, courts are not prohibited from using logic and common sense. We presume every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible.").

[13] Tex. Code of Crim. Proc. Ann. art. 11.072, § 6(d) ("The court may appoint an attorney or magistrate to hold a hearing ordered under this section and make findings of fact.").

[14] Tex. Gov't Code Ann. § 54.901.

54.906 authorizes trial courts to refer a criminal case for proceedings involving a postconviction writ of habeas corpus.[15]  Section 54.908 authorizes magistrates to hold hearings, examine witnesses, rule on evidentiary admissibility, and recommend rulings, orders, or judgments be made in the case, except as limited by the order of referral.[16]  Section 54.912 recognizes that a referring court may modify, correct, or reject any action taken by the magistrate.[17]  It also provides that if the trial court does not do any of those things, the magistrate's action "becomes the decree of the court."[18]  By referring to the magistrate's "action" in this statute, Section 54.912 specifically contemplates that magistrates can enter written recommendations that become the decree of the trial court without the trial court having to "recommit" the magistrate's action with a written order to that effect.[19]

I acknowledge that Section 6 of Article 11.072 of the Code of Criminal Procedure sets out that the trial court has sixty days after the State files an answer to an application for a writ of habeas to enter a

---

[15] Tex. Gov't Code Ann. § 54.906.

[16] Tex. Gov't Code Ann. § 54.908(a)(1), (4), (6), & (11).

[17] Tex. Gov't Code Ann. § 54.912(a).

[18] Tex. Gov't Code Ann. § 54.912(b).

[19] *Id.*

written order granting or denying the relief sought in the application.[20]

However, the statute also authorizes a court to appoint an attorney or magistrate to hold a hearing and enter findings under this section.[21] And, as mentioned above, the statutes governing the use of magistrates in Bexar County are designed to eliminate the need for a trial court to enter a written order memorializing its agreement with the magistrate's recommendation.[22]   Harmonizing Article 11.072 and Section 54.912 leads me to the conclusion that the magistrate's written order recommending relief satisfies the "written order" requirement in Article 11.072 when the magistrate's written order becomes the decree of the trial court as a matter of law.   Otherwise, the statutory provisions allowing a magistrate's recommendations to become the decree of the trial court are meaningless.   In this case, the magistrate's recommendation granting relief became the written order of the trial

---

[20] Tex. Code Crim. Proc. Ann. art. 11.072, § 6(a).  I am not as sold as the Court is on the idea that "shall" in the context of the entire provision requires the trial court to enter a written order.  At least arguably, the statute's opening of "not later than the 60th day after the day on which the state's answer is filed" could suggest that the statute is focused upon a deadline for the trial court to resolve the case rather than a requirement that the trial court enter a written order.  Nevertheless, even adopting the Court's interpretation of this provision, I believe a habeas court satisfies this statutory provision when a magistrate's written order recommending a grant of relief becomes the decree of the trial court as a matter of law under the magistrate statute. *See* Tex. Gov't Code Ann. § 54.912(b).

[21] Tex. Code Crim. Proc. Ann. art. 11.072, § 6(d).

[22] *See* Tex. Gov't Code Ann. 54.912(b).

court under the terms of the referral order fifteen days after the magistrate entered its written order concluding that relief was warranted. Concluding otherwise will add numerous newly pending cases just like this one to the dockets of trial courts across Texas that have relied upon similar magistrate statutes.

As for the question we asked to review, I agree with the court of appeals that our precedent allowing for motions to reconsider in the context of a trial court's grant of a motion to suppress is not analogous to the situation in this case. As the court of appeals pointed out, a motion to suppress is interlocutory, and a trial court may reconsider its ruling prior to trial.[23] The magistrate's order in this case is not on the same footing.

Similarly, I agree with the court of appeals that the motion for reconsideration should not be governed by the rules applicable to a motion for new trial.[24] Those rules apply to direct challenges to a defendant's conviction or punishment that have been filed within thirty days of conviction or punishment.[25] Article 11.072 provides the

---

[23] *Sinclair*, 2022 WL 619146, at *3 (rejecting the State's argument that a motion to reconsider can be filed at any time despite the twenty-day appellate deadline).

[24] *Id.* at *4 (noting that a motion to reconsider is not the functional equivalent of a motion for new trial and thus does not extend the trial court's jurisdiction).

[25] *See* Tex. R. App. P. 21.4(a) ("The defendant may file a motion for new trial before, but not later than 30 days after, the date when the trial court imposes or suspends sentence in open

exclusive means by which district courts may exercise their original habeas jurisdiction, and it does not have a provision analogous to a motion for new trial after the habeas court's ruling.[26]

We granted review on our own motion to evaluate the court of appeals' resolution of the jurisdictional question at the heart of this case. Rather than answer that question, the Court creates a conflict between the Government Code and the Code of Criminal Procedure to avoid it. And the unintended consequences of our holding that Appellant's application is still pending will add an unanticipated and unnecessary burden to the already busy trial court dockets across the State.

With these thoughts, I dissent.

Filed: July 31, 2024

Publish

---

court."); Tex. R. App. P. 21.1 (defining a new trial as "the rehearing of a criminal action after the trial court, has on the defendant's motion, set aside a finding or verdict of guilt").

[26] Tex. Code Crim. Proc. Ann. art. 11.072.